**SCHOTIS et ux. v. NORTH COAST STEVE-DORING CO. et al.**

District Court, W. D. Washington, N. D. November 14, 1927.

No. 11928.

1. Removal of causes ⚖➩86(1)—Statement in alien defendants' petition for removal that they were not employers of injured stevedore was admitted, where complaint merely alleged alien defendants had employed local defendant to unload cargo.

Denial in petition for removal of cause to federal court that relation of employer and employee existed between alien defendant shipowners and injured stevedore was required to be taken as admitted, where allegations of complaint were that alien defendants were the owners of the vessel and employed local defendant to unload cargo, in which employment plaintiff was injured, and that plaintiff was employed by the defendants.

2. Pleading ⚖➩8(2)—Conclusions stated in complaint as to master and servant relationship, not supported by facts, are unavailing.

Statements in complaint of conclusions as to relation of master and servant, not supported by facts, can serve no purpose.

3. Seamen ⚖➩29(5)—Joinder of alien shipowners, claimed liable at common law in action against stevedoring company for injuries under Jones Act, held improper (Jones Act [Merchant Marine Act] § 33 [46 USCA § 688]).

In suit by stevedore against stevedoring company for injuries sustained while unloading cargo, under Jones Act (Merchant Marine Act) § 33 (46 USCA § 688; Comp. St. § 8337a), joinder of alien owners of vessel sought to be held liable under common law *held* improper.

4. Courts ⚖➩342—Causes of action under federal statute and at common law may not be united.

Liability under federal statute and common-law liability are distinct, and cause of action under both may not be united.·

5. Removal of causes ⚖➩55—Action under Jones Act by stevedore against local stevedoring company, as sole employer, and alien corporations owning vessel, for injuries, held separable controversy, involving different defenses, precluding remand to state court after removal (Jones Act [Merchant Marine Act] § 33 [46 USCA § 688]).

In action under Jones Act (Merchant Marine Act) § 33 (46 USCA § 688; Comp. St. § 8337a), by injured stevedore against stevedoring company and alien corporations owning vessel, for injuries sustained while unloading cargo, in which master and servant relationship as to alien defendants was not shown, separable controversy existed, preventing remanding of case to state court, after removal.

6. Seamen ⚖➩29(5)—Alien corporations owning vessel could not be impleaded in stevedore's action for injuries, where relationship of employer and seaman did not exist (Jones Act [Merchant Marine Act] § 33 [46 USCA § 688]).

In action by stevedore under Jones Act (Merchant Marine Act) § 33 (46 USCA § 688; Comp. St. § 8337a), against stevedoring company for injuries sustained while unloading cargo of ship, alien corporations owning vessel could not be impleaded, where relationship of employer and seaman did not exist between them and plaintiff.

At Law. Action in the state court by Albert F. Schotis and wife against the North Coast Stevedoring Company and others, removed to the federal court on ground, among other things, of separable controversy. On plaintiffs' motion to remand. Motion denied.

See, also, 24 F.(2d) 592.

The plaintiffs bring suit in the state court "for damages, with the right of trial by jury under section 33 of the Merchant Marine Act" (46 USCA § 688; Comp. St. § 8337a). They allege that the Kawasaki Dockyard Company, Limited, and Yamashita Company, Inc., are and were corporations under the laws of Japan, and maintain offices and places of business in Seattle; that these two named corporations were and are engaged in the general steamship business and the carriage of passengers and ·freight for hire, and own and maintain and operate a large number of steamships between the port of Seattle and other Pacific ports, including the steamship Atlanta Maru; that the North Coast Stevedoring Company is a corporation of Washington and was on the date named engaged in a general stevedoring business, and was employed by the defendants (foreign corporations) for the purpose of loading and discharging cargo from the steamship Atlanta Maru, lying in the navigable waters of the port of Seattle. It then states that the plaintiff, Albert F. Schotis,

on the 2d day of November, entered into the employment of the defendants "in the capacity of stevedore and seaman" engaged in the unloading of cargo from the named ship, and was damaged by falling through hatch No. 4, which was negligently left uncovered and unprotected.

The alien defendants removed the case to this court on the ground, among other things, of separable controversy, and say that the plaintiff was not employed by the nonresident defendants; that the relation of employer and employee did not exist; that the relationship of employer and employee existed between the plaintiff and the local corporation. Motion to remand to the state court is made on the ground that it may not be removed under section 33 of the Jones Act, supra.

Wm. Martin, of Seattle, Wash., for plaintiffs.

Stephen V. Carey, of Seattle, Wash., for defendant North Coast Stevedoring Co.

Huffer, Hayden, Merritt, Summers & Bucey, of Seattle, Wash., for defendants Kawasaki Dockyard Co., Limited, and Yamashita Company, Inc.

NETERER, District Judge (after stating the facts as above). [1, 2] No issue is made to the direct statement in the petition for removal, that the relation of employer and employee did not exist between the alien defendants and the injured plaintiff, and the allegations in the complaint that the alien defendants are the owners of the vessel and *employed the local defendant to unload cargo of the vessel,* with the additional statement that the plaintiff was employed by the *defendants*—the local defendant's business being that of a stevedore to load and unload cargo—does not change the relation to employer and employee. Employment of local defendant by the alien defendants negatives plaintiffs' employment by alien defendants, in the absence of facts establishing it. In the absence of denial or further statement of fact, the petition in that respect must be taken as admitted (Connolly et ux. v. C., M. St. P. R. R. [D. C.] 3 F.[2d] 818; see, also, City of Winfield v. Wichita Natural Gas Co. [C. C. A.] 267 F. 47), and all conclusions in the complaint of such relations, not supported by fact, can serve no purpose (Wilson v. Republic Iron & Steel Co. et al., 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 144; see, also, Connolly et ux. v. C., M. St. P. R. R. Co., supra, and cases cited).

[3, 4] The plaintiff, having elected to pursue his remedy under the Jones Act against the stevedoring company, may not join in that action defendants seeking liability under another statute or law. The cause of action against the local and foreign defendants arises from two distinct relations, and provides two distinct remedies—one, statutory; the other, common-law.

Liability under federal statute and a common-law liability are distinct, and a cause of action under both may not be united. See Jackson v. C., R. I. & P. Ry. Co. (D. C.) 178 F. 432; Union Pac. R. R. Co. v. Wyler, 158 U. S. 285, 15 S. Ct. 877, 39 L. Ed. 983; Stark v. U. S. (D. C.) 14 F. (2d) 616; Helms v. Nor. Pac. Ry. Co. (C. C.) 120 F. 389; Fergason v. C., M. & St. P. R. Co. (C. C.) 63 F. 177; Beuttel v. C. M. & St. P. R. Co. (C. C.) 26 F. 50; Kelly v. Robinson (D. C.) 262 F. 695.

[5, 6] The defenses to the statutory liability and the common-law liability may be different. The controversy is clearly separable, and the alien defendants may not be impleaded in an action under the Jones Act, since the relationship of employer and seaman does not exist. The Reliance (D. C.) 21 F.(2d) 872, 1927 A. M. C. 1339. See, also, Reynolds v. Addison Miller Co. et al., 143 Wash. 271, 255 P. 110.

Motion to remand denied.