D'ALLESANDRO v. UNITED MARINE CONTRACTING CORPORATION et al.

District Court, E. D. New York. December 1, 1928.

Motion to dismiss complaint as to the Shipping Board granted.

Edwin V. Hellawell, of New York City, for plaintiff.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Edgar G. Wandless and B. B. Lanier, both of New York City, of counsel), for defendant U. S. Shipping Board Emergency Fleet Corporation.

COOPER, Acting District Judge. The defendant Shipping Board moved at the opening of the trial to dismiss the complaint as to this defendant, because it showed on its face, when the date of the alleged injury was correctly stated by plaintiff's counsel, that the alleged injuries were received December 4, 1924, and, as this defendant was not made a party until two years and four months thereafter, the action was barred by the two-year statute of limitations incorporated into the Merchant Marine Act, called the Jones Act (41 Stat. 988), by section 33 thereof (46 USCA § 688). The court intimated that the motion should be granted. The plaintiff, having been permitted to withdraw a juror for the purpose of amending its complaint in other respects, because the other defendant (United Marine Contracting Corporation) claimed the acts of negligence stated in the opening were not as alleged in the complaint, amended his complaint in that respect, apparently setting up a common-law cause of action, and also amended the fourteenth paragraph of the complaint with respect to the defendant Shipping Board, making it read as follows:

"Fourteenth. That the plaintiff herein is entitled, as against the defendant United Marine Contracting Corporation, to all the rights and privileges conferred or granted under and by virtue of the Act of Congress of June 5, 1920, known as the Merchant Marine Act of 1920, and in particular section 33 of the said act, amending the Act of Congress of March 4, 1915, and any and all other statutes of the United States Shipping Board on or relating to the rights and privileges of marine workers, and seamen employed on vessels engaged in interstate or foreign commerce in causes of personal injuries."

The defendant Shipping Board thereupon moved to dismiss the amended complaint, because it shows on its face that any and all causes of action set forth therein are barred by statutes of limitations. The defendant's answer is deemed to be amended to set up both statutes of limitations as an affirmative defense, and the motion will be deemed to be an action to dismiss the complaint as to the Shipping Board.

Regardless of technicalities, the court will consider such motion as if made at the commencement of the trial, as soon as the parties were in court, and again at the conclusion of the trial. It seems that the plaintiff, by this amendment to section 14 of his amended complaint, has endeavored to make this an action under the Jones Act, or an action both at common law and under the Jones Act, as to the defendant United Marine Corporation, and an action at common law only as to the defendant Shipping Board. The reason for this is that any action against the defendant Shipping Board under the Jones Act is barred by the two-year statute of limitations, while a common-law cause of action is barred only by the three-year statute of the state of New York (Civil Practice Act N. Y. § 49), and three years had not elapsed at the time the defendant Shipping Board was made a party defendant.

If the action, at the time the Shipping Board was made a party defendant, was a common-law action, a mere amendment of the complaint is not a commencement of an action de novo, and the three-year statute of the state of New York would not run against the Shipping Board. But the difficulty of the situation is that the action was then an action under the Jones Act, and it is a grave question whether the plaintiff has, under its final amendment, been able to accomplish his object to retain the Shipping Board as a party defendant, without changing its cause of action from one under the Jones Act to one under the common law as to such defendant. If it be assumed that the action originally brought, and before the Shipping Board was a party, was a common-law action, and not under the Jones Act, as appears from the pleadings, and that the first amended complaint (the complaint at the time the action came on for trial) changed this action from one under the common law to one under the Jones Act only, as also appears by the amended complaint, then this final amendment is an attempt to change it back to a common-law action as to the Shipping Board, and still retain the action both under the Jones Act and at common law, or under the Jones Act alone as to the United Marine Corporation.

The complaint in its final form must set forth a cause of action under the Jones Act, or one under the common law, or two causes of action, one under common law and the

other under the Jones Act. If the cause of action stated by complaint in its final form is merely an action under the Jones Act against both defendants, it is clear that the two-year statute of limitations has run against the Shipping Board, and the motion of the Shipping Board to dismiss the complaint should be granted. If the complaint in its final form states two causes of action, one under common law and the other under the Jones Act, the plaintiff is faced with these difficulties. Both causes of action do not run against both defendants, for the action against the Shipping Board under the Jones Act is barred by the two-year statute of limitations. We would then have two defendants joined in one suit, in which two causes of action were set up, one of which runs against both defendants, and the other of which runs against one defendant only. The rules of evidence and law involved are not the same in the two causes of action. In the action under the Jones Act, contributory negligence does not defeat the action, it merely reduces the amount of damages, but under the common law contributory negligence is a complete defense. Under the common law the negligence of a fellow servant is a complete defense, but in an action under the Jones Act it is no defense at all.

In other words, two causes of action would seem to have been improperly united —except for sections 211 and 212 of the Civil Practice Act of the state of New York. If these sections apply, plaintiff, it seems, may join two or more defendants in an action in which some causes of action do not run against all defendants. Ellicott v. Archibald McNeil, etc., 206 App. Div. 441, 201 N. Y. S. 500; Smith v. Earle, 202 App. Div. 305, 195 N. Y. S. 342; First Const. Co. of Brooklyn v. Rapid Transit Subway Co., 122 Misc. Rep. 145, 203 N. Y. S. 359. At least plaintiff might do this in an action in the state courts, which have jurisdiction of both of the causes of action herein referred to as established by the case of Engel v. Davenport, 271 U. S. 33, 46 S. Ct. 410, 70 L. Ed. 813.

But, while sections 211 and 212 would apply if these cases were brought in the state courts, such a rule probably does not obtain in the federal courts. Schotis v. North Coast Stevedoring Co. (D. C.) 24 F.(2d) 591. It perhaps is not necessary to determine this question, because the amendment of a complaint in a federal court action, setting up a common-law cause of action where before only an action under the Jones Act was pleaded, is, in legal effect, the commencement of a new cause of action against the Shipping Board, and its commencement must be as of the date of the final amendment of the complaint, namely, November 28, 1928. Union Pacific Railway Co. v. Wyler, 158 U. S. 285, 15 S. Ct. 877, 39 L. Ed. 983; Taylor Co. v. Anderson (C. C. A.) 14 F.(2d) 353, 354; Schotis v. North Coast Stevedoring Co. (D. C.) 24 F.(2d) 591. Such new action is therefore barred as to this defendant by the three-year statute of limitations of the state of New York.

Section 111 of the Civil Practice Act of the state of New York does not change this situation. If the final amendment to the complaint sets forth only one cause of action, and that under the common law, the plaintiff is in like embarrassment. It is in legal effect the commencement of an action against the defendant Shipping Board on November 28, 1928, under the last-mentioned authorities, and as such is barred by the three-year state statute of limitations. Thus viewed, the common-law cause of action against the Shipping Board is barred by the three-year statute of limitations, there being no conflict between state and federal statutes, as was the case in Engle v. Davenport, supra, and the action under the Jones Act is barred as to defendant Shipping Board by the two-year statute of limitations.

In any view of the final amended complaint, all actions are barred by the appropriate statutes of limitations as against defendant Shipping Board, and the motion to dismiss the complaint as to it must be granted, with leave to amend the complaint within 20 days after entry and service of an order granting the motion to dismiss the complaint.