**KWASIZUR et al. v. DAWNIC S. S. CO. et al.**

No. 20470.

District Court, E. D. Pennsylvania.

Aug. 1, 1938.

E. Herman Fuiman, of Philadelphia, Pa., for plaintiffs.

Joseph W. Henderson, of Philadelphia, Pa., for defendants.

KIRKPATRICK, District Judge.

■ This is a suit at Law to recover damages for the death of a stevedore who, the statement alleges, was killed through the negligence of the defendants, the owner and manager, respectively, of the vessel upon which he was working. His employer, the stevedoring company, is not a defendant nor is there any charge that it was in any way responsible for the accident. The plaintiff pleads that the cause of action is a maritime tort, as no doubt it is, and expressly invokes the Federal Employer's Liability Act, 45 U.S.C.A. § 51 et seq., and inferentially the Jones Act, 46 U.S.C.A. § 688. The plaintiff is the widow of the deceased man, and has brought this suit in three distinct capacities, "as administratrix of the estate * * *," as widow "in her own right," and "on behalf of her minor son." There is, of course, a misjoinder, but that defect would be curable and need not be considered now.

■ It is apparent that the suit is not maintainable under the Jones Act. Neither that statute nor the provisions of the Federal Employer's Liability Act, 45 U.S.C.A. § 51 et seq., which it incorporates, has to do with the right of action which a seaman, or, in case of his death, his widow may have against a third person, not his employer, who has caused the injury or death. While stevedores have been held to be entitled to the benefits of the Jones Act "by a somewhat artificial extension of the word 'seaman,'" the Court in Uravic v. F. Jarka Co., 282 U.S. 234, 239, 51 S.Ct. 111, 112, 75 L.Ed. 312, was careful to point out that the Act does not say or mean that stevedores are to be regarded as seamen on the particular vessel upon which for the moment they happen to be at work. The plaintiff therefore has no right to the benefits of the Jones Act as further defined by the Federal Employer's Liability Act. The statutory demurrer will be sustained, and judgment may be entered for the defendant.

■ This, however, does not mean that the plaintiff is entirely without remedy. The Jones Act, it is true, is exclusive of all state legislation, but only in the field which it covers. That field is the liability of *employers* to their injured employees. A seaman's or stevedore's widow may still invoke the state statute giving her a right of action for the death of her husband, if caused by a third person within the territorial limits of the state. But she must do so in the state court, unless there is diversity of citizenship or some other ground of federal jurisdiction.