348

**GARDINER v. AGWILINES, Inc., et al.**
**No. 547.**

District Court, E. D. New York.
Aug. 29, 1939.

Benjamin, Galton & Robbins, of New York City, for the motion.

Burlingham, Veeder, Clark & Hupper, of New York City, opposed.

CAMPBELL, District Judge.

This is a motion to remand to the State Court an action which has been removed to this Court on the petition of the defendant, Agwilines, Inc.

It is alleged in the complaint that plaintiff's intestate was employed by the defendants on the S. S. San Juan, and that as a result of the negligence of the defendants, he died at the port of Mayaquez, Puerto Rico, on January 23rd, 1939.

Two causes of action are alleged in the complaint. The first cause of action is based on the Jones Act, Title 46, Section 688, U.S.Code. 46 U.S.C.A. § 688. The second cause of action repeats the allegations of the first cause of action, and is based on the Death Act of Puerto Rico (Code of Civil Procedure of Puerto Rico, §§ 61, 53 and 41), which reads as follows:

"When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person, who is responsible for his conduct, then also against such other person. In every action under this * * * section such damages may be given as under all the circumstances of the case may be just."

"An * * * administrator * * * may sue without joining * * * the persons for whose benefit the action is prosecuted * * *."

"If a person entitled to bring an action die before the expiration of the term limited for the commencement thereof and the cause of action survive, an action may be commenced by his representatives, after the expiration of that time and within one year from his death * * *."

There is a demand for judgment against the said defendants and each of them.

The action was removed to this Court from the State Court on the petition of the defendant, Agwilines, Inc., and notice of presentation of petition and bond for removal was served upon plaintiff's attorneys. The bond was approved on July 3rd, 1939.

The petition for removal contains the allegations that this is a civil action at law; that the defendant, Agwilines, Inc., was and is the owner of the S. S. San

Juan; that The New York & Porto Rico Steamship Company pursuant to a bare boat charter manned, victualled and navigated the S. S. San Juan; that the plaintiff's intestate was employed by The New York & Porto Rico Steamship Company; that the controversy between plaintiff and defendant, Agwilines, Inc., is a separable controversy wholly between citizens of different states, the plaintiff being a citizen of the State of New York, and the defendant, Agwilines, Inc., being a citizen of the State of Maine in which it was incorporated; that the allegation in the complaint that defendant, Agwilines, Inc., used the S. S. San Juan is contrary to fact or was fraudulently included to defeat the right of removal; finally, that this action "does not arrise under the act relating to the liability of common carriers by railroad to their employees or any amendment thereof; * * *."

The defendant, The New York & Porto Rico Steamship Company, has answered the complaint.

 The first cause of action alleged in the complaint is under the Jones Act and can only apply to The Porto Rico Steamship Company, the employing defendant. The defendant, Agwilines, Inc., was not an employer of the plaintiff's intestate and that cause of action can not be maintained by the plaintiff, against Agwilines, Inc.

As to the second cause of action, each of the two defendants owed entirely different duties to the plaintiff's intestate. The steamship company was the employer and owed those duties which an employer owes an employee; Agwilines, Inc., was the owner of the vessel, which was operated and controlled by the employer, and owes only those duties which the owner of a vessel owes to a licensee aboard its vessel under the circumstances relating to control and operation.

The liability of the employer defendant under the Jones Act is different than the liability of the ship owner defendant under The Puerto Rico death act, and there is a separable controversy. Schotis et ux. v. North Coast Stevedoring Co. et al., D.C., 24 F.2d 591; Goetz v. Interlake S. S. Co. et al., D.C. 47 F.2d 753, 756.

The master and servant cases cited by the plaintiff against the right to remove need not be considered, as they are not in point and have no bearing on the case at bar.

The cases of Chicago, Burlington & Quincy Railway Company v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521, and Chicago & Alton Railroad Company et al. v. McWhirt, 243 U.S. 422, 37 S.Ct. 392, 61 L.Ed. 826, are not in point. They show joint liability of the owner and lessee of a railroad line, but the first was based upon the law of Illinois and the second upon the law of Missouri, which provided that the lessor should be equally liable with the lessee for acts of negligence and no such statute is found applicable to the case at bar.

The plaintiff cites other cases which are general in character and require no further consideration. The only exception is the case of William H. Lloyd, Appellant v. W. E. Hedger Transportation Corporation, Respondent, Impleaded with others, 270 N.Y. 617, 1 N.E.2d 358. There was no opinion in that case, but it appears that the Court of Appeals in that case found that under the charter the Hedger Transportation Corporation, as charterer, was under a duty to keep the barge in repair, and that there was a question of fact whether both the owner and charterer of a vessel had complied with duty of care. That case is not in point, as there is no suggestion in this case of joint liability.

There is a separable controversy as to the defendant, Agwilines, Inc.

The motion to remand is denied.

Settle order on notice.