**THE NEW BROOKLYN.**

No. 687.

District Court, D. Massachusetts.

Dec. 2, 1940.

John L. Murphy and Sylvester F. Whalen, both of Boston, Mass., for libelant.

Kenneth C. Parker, of Sawyer, Hardy, Stone & Morrison, of Boston, Mass., for claimant.

SWEENEY, District Judge.

This matter is before me on exceptions filed by the claimant to a libel in admiralty. The action in rem was brought against the S. S. "New Brooklyn" to recover damages for injuries suffered by, and for the death of, a stevedore employed by a stevedoring company but working aboard the libeled vessel.

The exceptions attack the libel in two respects: First, because it does not state a cause of action which will lie under the Jones Act, 46 U.S.C.A. § 688, since the relationship of employer and employee did not exist between the libelant and the libelee, and, secondly, because an action in rem does not lie under the Jones Act, supra.

The libel clearly shows that the action is brought under the Jones Act since in the eighth paragraph it specifically avers that it is so brought. In the same paragraph it asserts the elective right to proceed under the Jones Act on the admiralty side of the court, citing Panama R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748.

It is settled law that a stevedore working aboard a vessel in harbor is a seaman within the meaning of 46 U.S.C.A. § 688, so as to entitle him to sue his employer, and obtain the benefits provided in that statute. See, Warner v. Goltra, 293 U.S. 155, 55 S.Ct. 46, 79 L.Ed. 254. This is limited now by the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq. There is nothing in the Act, however, which grants a right to bring his action against anyone but his employer. Neither the Jones Act, 46 U.S.C.A. § 688, nor the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51, which it incorporates, has to do with the right of action which a seaman or his representative may have against anyone other than the employer of the seaman. Kwasizur v. Dawnie S. S. Co., D.C., 25 F.Supp. 327, 328. The Jones Act and the Federal Employers' Liability Act are concerned with the relative rights and obligations of seamen and their employers arising out of personal injuries or death sustained by the former in the course of employment. See Panama R. Co. v. Johnson, 264 U.S. 375,

387, 44 S.Ct. 391, 68 L.Ed. 748. The claimant's first exception is therefore sustained.

■ The second grounds for the claimant's exceptions must likewise be sustained. The libel is defective in that it attempts to bring an action under the Jones Act in rem. A seaman's cause of action under the Jones Act is not a lien upon the ship and its enforcement in admiralty cannot be by a suit in rem. Plamals v. S. S. Pinar Del Rio, 277 U.S. 151, 48 S.Ct. 457, 72 L.Ed. 827. Since the libelant has sued the wrong party, if he wants to proceed under the Jones Act, or has brought the improper action, if he wants to proceed in rem against the boat, the present libel should be dismissed.