## EGGLESTON v. REPUBLIC STEEL CORPORATION et al.

### No. 2144.

District Court, W. D. New York.

Nov. 17, 1942.

Desmond & Drury, of Buffalo, N. Y., for libellant.

Kenefick, Cooke, Mitchell, Bass & Latchworth and Thomas R. Wheeler, all of Buffalo, N. Y., for respondents.

KNIGHT, District Judge.

The complaint alleges that the respondent, Republic Steel Corporation, was the owner of certain premises on the Buffalo River (so-called), on which certain docks, cranes and equipment for the loading and unloading of vessels was located; that the libellant, a merchant seaman, was employed as a deck hand and member of the crew of the steamer "Adrian Iselin", a merchant vessel operated by the respondent, Nicholson Transit Company; that when said vessel was moored at the aforesaid dock and while the libellant was in discharge of his duties upon said vessel, wholly and solely by reason of the negligence of respondents he was struck by a strongback "being lifted and moved by respondent, Nicholson Transit Company, its agents, servants and employees * * *" and that he sustained damages for which he seeks to recover herein.

The complaint also alleges that "libellant elects to maintain this action as against the Nicholson Transit Company under provisions of Title 46, section 688, of the United States Code Annotated"; (so-called Jones Act) and also that "all and singular and premises are true and within the admiralty and maritime jurisdiction of the United States * * *."

The respondent, Republic Steel Corporation, moves, on several grounds, to dismiss the libel as against it. One of such grounds is that the action against the two respondents can not be joined, and the view taken here is that this is the only ground for the motion which need be considered. Title 46, U.S.C.A. § 688, supra, provides that a seaman suffering injury "in the course of his employment may, at his election, maintain an action for damages at law, * * * and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply." It seems clear that this section contemplates an action by a seaman against his employer only. It relates to injuries sustained in the course of "his" (seaman's) employment. Title 45, U.S.C.A. § 51 refers to actions between employer and employee. Section 688, supra, also says that "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides * * *." The remedy of the libellant as against the respondent, Republic Steel Company, is through an action at common law. This specifically is an action in admiralty. The two actions can not be joined.

Because of Rule 81 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, Rule 18 of the Federal Rules of Civil Procedure, permitting the joinder of claims, has no application here. Neither has Supreme Court Admiralty Rule 56, 28 U.S.C.A. following section 723 nor Rule 18 of the Admiralty Rules of the Western District of New York, any application in the instant case.

The primary basis for the separation of suits at common law and in admiralty is that the rules of evidence applicable in the two suits are materially different. Particularly such are negligence and assumption of risk. As was said in Panama R. Co. v. Johnson, 264 U.S. 375, 387, 44 S.Ct. 391, 394, 68 L.Ed. 748: "The statute [Jones Act] is concerned with the relative rights and obligations of seamen and their employers arising out of personal injuries sustained by the former in the course of their employment. Without question this is a matter which falls within the recognized sphere of the maritime law, and in respect of which the maritime rules have differed materially from those of the common law applicable to injuries sustained by

employees in nonmaritime service." Upon the precise question presented here, the following decisions of the courts are in accord. Kwasizur v. Dawnic S. S. Co., D. C., 25 F.Supp. 327; The New Brooklyn, D. C., 37 F.Supp. 955; Gardiner v. Agwilines, Inc., D. C., 29 F.Supp. 348; Schotis v. North Coast Stevedoring Co., D. C., 24 F.2d 591; and D'Allesandro v. United Marine Contracting Corp., D. C., 30 F.2d 718.

The motion to dismiss must be granted.