**BAKER v. MOORE–McCORMACK LINES, Inc., et al.**

No. 23527–R.

District Court, N. D. California, S. D.

Sept. 29, 1944.

Andersen & Resner, of San Francisco, Cal., for plaintiff.

Lillick, Geary, Olson & Charles, of San Francisco, Cal., for defendant.

ROCHE, District Judge.

Suit was commenced by plaintiff in the State Court against the Moore-McCormack Lines for damages under the Jones Act, 46 U.S.C.A. § 688, and for wages and maintenance.

The complaint. alleged that plaintiff was a member of the crew of the S. S. Malcolm M. Stewart and was injured by the carelessness and negligence of defendant in failing to provide plaintiff with a safe place to work and in carelessly and negligently permitting mechanical appliances on the boiler to be improperly adjusted, and that the boilers were working improperly and in an unseaworthy manner.

The defendant, Moore-McCormack Lines, Inc., filed its petition for removal to this Court, setting forth diversity of citizenship and the proper jurisdictional amount, and further alleging that the vessel was owned, managed, operated and navigated by the United States of America by and through the Administrator, War Shipping Administration; that the defendant had a service agreement with the United States of America which was entered into as of October 19, 1941, whereunder it procured the master and members of the crew for the United States, and that the master and members of the crew were employees of the United States and not of the defendant Moore-McCormack Lines.

The suit was duly removed to this Court and thereupon plaintiff filed its motion to remand, contending that the Jones Act (incorporating the Federal Employers' Liability Act, 45 U.S.C.A. § 56) gave the State Court concurrent jurisdiction and prevented removal of the action.

At the hearing on the motion to remand, defendants introduced the Articles of Agreement between plaintiff and the master of the vessel as well as the Service Agreement between the defendant and the United States of America, and produced testimony in support of the petition for removal.

█ Pursuant to the "Service Agreement" between the United States and Moore-McCormack Lines, Inc., the defendant was the general agent of the United States with respect to the vessel. Murray v. American Export Lines, Inc., D.C. S.D.N.Y., 53 F.Supp. 861, 1943 A.M.C. 1426. As such agent of the United States, the defendant is suable for its own torts. Brady v. Roosevelt S. S. Co., Inc., 317 U. S. 575, 63 S.Ct. 425, 87 L.Ed. 471. However, a seaman's action under the Jones Act may be maintained only against the seaman's employer. Panama R. R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L. Ed. 748; Kwasizur v. Dawnic S. S. Co., D.C.Penn., 25 F.Supp. 327; Gardiner v. Agwilines, D.C.N.Y., 29 F.Supp. 348; The New Brooklyn, D.C.Mass., 37 F.Supp. 955; Eggleston v. Republic Steel Corp., D.C. N.Y., 47 F.Supp. 658.

█ If plaintiff wishes to follow the Jones Act against his employer, the United States, he may do so under certain conditions pursuant to the provisions of the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., and by virtue of Public Law 17, 50 U.S.C.A. Appendix § 1291, irrespective of whether the vessel is a merchant vessel or a public vessel. However, the suit against defendant Moore-McCormack Lines, Inc., cannot be under the Jones Act, inasmuch as the defendant did not man the vessel and was not plaintiff's employer. Therefore, the prohibition against removal, 45 U.S.C.A. § 56, incorporated into the Jones Act, does not apply to this action and diversity of citizenship and the jurisdictional amount existing, the action was properly removed to this Court. Accordingly the motion to remand is denied, and it is so ordered.