### MILLER v. BROWNING S. S. CO.

No. 115, Docket 20803.

Circuit Court of Appeals, Second Circuit.

Dec. 29, 1947.

---

Desmond & Drury, of Buffalo, N. Y., for plaintiff.

Foster, Lott & Lutz, of Detroit, Mich., and Richards & Coffey, of Buffalo, N. Y. (Sparkman D. Foster and Allan B. Lutz, both of Detroit, Mich., and Laurence E. Coffey, of Buffalo, N. Y., of counsel), for defendant.

Before CHASE, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

A contract between the defendant company and the union to which plaintiff belonged provided that, when defendant needed employees it would "first call the union for such help," that the union "agrees to furnish capable, competent and satisfactory help in so far as it is possible," and that, "In the event the company rejects a prospective employee supplied by the union, such rejection shall be made in writing." Acting pursuant to this contract, defendant asked the union to send an oiler to defendant's ship Sultana. The union selected plaintiff who received from the union a shipping ticket. He boarded the ship (then unloading grain at Buffalo, New York) with the intention of reporting to the engineer for duty. On his way aft, he fell into an open hatch and was seriously injured. Up to the time of his fall, he had reported to no one representing the defendant, indeed had seen no one connected with the ship. He brought this suit under the Jones Act, 46 U.S.C.A. § 688.[1] At the close of the evidence, the trial judge, reserving the question whether plaintiff was an employee of defendant, left the other issues to the jury, which returned a verdict for $77,000 in favor of plaintiff. The judge then, on defendant's motion, set the verdict aside and, holding plaintiff not an employee, entered judgment for defendant dismissing the action.[2]

We think that judgment must stand. The contract plainly meant that, until the defendant had an opportunity to reject him, plaintiff was but a "prospective employee." He was therefore never employed by defendant. Accordingly he had no claim under the Jones Act.[3] As there was no evidence of employment other than the contract, the trial judge properly decided the issue instead of leaving it to the jury. We do not consider whether or not plaintiff, in another action, may recover as an invitee or otherwise.

Affirmed.

---

[1] That section reads: "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees, shall apply. * * * Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides."

[2] The judge, on defendant's alternative motion for a new trial, entered an order providing that, if the jury's verdict should be reinstated on appeal, then the verdict should be set aside and a new trial granted, unless, within twenty days of the order on the mandate, plaintiff filed a stipulation consenting to a reduction in the verdict from $77,000 to $60,000. Because of the nature of our decision, we need not consider that order.

[3] See Buffalo & Grand Island Ferry Co. v. Williams, 2 Cir., 25 F.2d 612; Nolan v. General Seafoods Corp., 1 Cir., 112 F. 2d 515.