**CONTINENTAL CAS. CO. et al. v. THORDEN LINE et al.**

**THE BENNY SKOU.**

No. 6179.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 4, 1951.

Decided Jan. 25, 1951.

Henry E. Howell, Jr., and R. Arthur Jett, Norfolk, Va. (Jett, Sykes & Howell and Fred E. Martin, Norfolk, Va., on the brief), for appellant.

Leon T. Seawell, Norfolk, Va., for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This libel in personam was filed by Continental Casualty Company, as subrogee of Atlantic and Gulf Stevedores, Inc. against Thorden Line, a Swedish corporation, and Ove Skou owner of the S/S Benny Skou, to recover damages for the death of James Bright, Jr., an employee of Stevedores, while engaged in stevedoring operations on board the ship on September 6, 1947 at Portsmouth, Virginia. There was no service of process on the owner and the case proceeded against Thorden alone.

The suit was brought under the Jones Act, 46 U.S.C.A. § 688, which, in case of the death of any seaman as the result of personal injury in the course of his employment, empowers his personal representatives to maintain an action for damages at law and makes applicable in such action all federal statutes regulating the right of action for the death of railway employees which are codified in 45 U.S.C.A. § 51 et seq. Under the decision in International Stevedoring Co. v. Haverty, 272 U.S. 50, 47 S.Ct. 19, the Jones Act applies to stevedores as well as to seamen. The

effect of the subsequent passage of the Longshoremen's and Harbor Workers' Compensation Act is discussed below. The theory of the libellant in the pending case is that the operation in which the ship was engaged when Bright was killed was a joint venture of Thorden and Ove Skou, and that Thorden participated in the operation to such an extent that the stevedore workman, as well as the officers and crew of the ship, were its employees.

The libel was originally filed on March 9, 1949. Thereafter, on March 3, 1950, the libellant amended the libel by adding a claim under the Virginia Death by Wrongful Act statute, Title VIII § 633 of the Virginia Code of 1950, which provides that whenever the death of a person shall be caused by the wrongful act of any person or corporation, or of any ship, and the act is such as would have entitled the party injured to maintain an action in rem against the ship or in personam against the owners or those in control of her, such person or corporation shall be liable to an action for damages notwithstanding the death of the person injured. The statute provides that every action under it shall be brought within one year after the death of the injured person.

The District Judge dismissed the libel on the ground that it could not be maintained under the Jones Act because Bright was an employee of Stevedores and not of Thorden, and that it could not be maintained under the Virginia death statute because of the limitation of one year therein prescribed.

We shall assume that Thorden and Skou were engaged in a joint venture for their mutual profit in the operation of the ship, Skou furnishing the vessel and Thorden providing the cargo. It is shown that in the course of the business the vessel came to Portsmouth to load a cargo of tobacco. Thorden entered into a standard stevedoring contract with Stevedores in which it was stipulated that the ship was to supply certain equipment including lights for night work, dunnage, &c., and the power for efficient operation; and Stevedores agreed to load the ship and to carry and include in the rates prescribed for its ser-

vices workmen's compensation insurance for the protection of its employees under state and federal laws, such insurance to be in the amount of $50,000 for death or injury of one person.

Bright was killed when he fell through an open hatch at night. The evidence tended to show that the hatch was insufficiently lighted and that he fell when he was on his way to get some dunnage which Stevedore's hatch boss had sent him to procure. After his death his mother and his widow made claim against Stevedores for compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. They exercised the election given them by Section 933 of the statute to receive compensation rather than institute proceedings against any third party who may have been liable for the accident; and compensation was duly allowed and paid.[1] By reason of this election the right to recover against such a third person passed under the statute to Stevedores and thence by subrogation to the Casualty Company, the insurer and the libellant in this case; and it became the duty of the libellant, after retaining from any amount recovered a sufficient sum to cover the costs of litigation and the amount of compensation paid, to pay the excess, if any, to the persons entitled to compensation.

■ The Casualty Company seeks, in the first place to recover damages from the operators of the ship under the Jones Act; but this attempt must fail, (1) because the Jones Act relates only to suits by an employee against his employer, and Bright was not an employee of Thorden; and (2) even if Bright was an employee of Thorden, the suit must fail by reason of the terms of the Longshoremen's and Harbor Workers' Compensation Act. We inquire first whether Bright was an employee of Thorden. This is important because the statute, as construed in the Haverty case, gave the personal representa-

tives of a deceased stevedore the right to maintain an action for damages for his death resulting from personal injury "in the course of his employment"; and it modified or abolished the common law defenses of contributory negligence, assumption of the risk and the negligence of fellow servants. Accordingly it has been uniformly held that the statute contemplates and is limited to a suit by an employee against his employer. Thus it was held in Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 790, 69 S.Ct. 1317, 1321, 93 L.Ed. 1692. that the general agent of a ship owned by the United States was not liable under the Jones Act to a member of the crew who suffered injury through the negligence of the master and officers of the ship. The court said: " * * * We assume, without deciding that the rule of the Hearst case [Newsboys, Labor Board v. Hearst Publications, 322 U.S. 111, 120, 128–131, 64 S.Ct. 851, 88 L.Ed. 1170] applies, that is, the word 'employment' should be construed so as to give protection to seamen for torts committed against them by those standing in the proximate relation of employer, and the rules of private agency should not be rigorously applied. Yet this Court may not disregard the plain and rational meaning of employment and employer to furnish a seaman a cause of action against one completely outside the broadest lines or definitions of employment or employer. We have no doubt that under the Jones Act only one person, firm, or corporation can be sued as employer. Either Cosmopolitan or the Government is that employer. The seaman's substantive rights are the same whoever is the employer."

See also, Miller v. Browning S./S. Co., 2 Cir., 165 F.2d 209; Nolan v. General Seafoods Corp., 1 Cir., 112 F.2d 515; Eggleston v. Republic Steel Corp., D.C.W.D.N.Y., 47 F.Supp. 658; Kwasizur v. Dawnic S./S. Co., D.C. Pa., 25 F.Supp. 327; Loraine v.

---

1. The right to recover for death by wrongful act which was not recognized by the common law or the general maritime law is now provided by the Jones Act, the Longshoremen's and Harbor Workers' Compensation Act, and various state statutes, under the conditions therein set out. See also the Act relating to Death on the High Seas, 46 U.S.C.A. § 761 et seq.

Coastwise Lines, Inc., D.C.N.D.Cal., 86 F.Supp. 336.

In opposition to this rule the libellant points to the liberal construction that should be given to statutes passed for the protection of maritime workers indicated by the decision in International Stevedore Co. v. Haverty, supra, and by the quotation from Cosmopolitan Shipping Co. v. McAllister above set out. It is insisted that the strict common law concepts of employer and employee should not be applied and that stevedores should be allowed recovery under the Jones Act against any one who stands in the proximate relation of employer and that the right to sue depends upon the character of the employment rather than the character of the employer; and hence in this case recovery against Thorden should be allowed because the work upon which the stricken man was engaged was performed for its benefit and with its participation under its contract with Stevedores. Reliance is placed upon the decision in Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, where it was held that the shipowner's obligation of seaworthiness extends to a stevedore injured on board ship while in the employ of an independent stevedore contractor, the court saying that the owners could not free themselves from the obligation by parceling out the operations to intermediate employers.

These citations unquestionably show that the Jones Act and other statutes passed for the protection of seamen and stevedores should be liberally construed in their interest. But it must be borne in mind that the immediate question for decision is not the right of an injured stevedore or his representative after his death to recover against a ship for the neglect of its obligations to him, but merely the right to recover under the Jones Act. The insistence upon this form of action in this case springs from the fact that the defense of limitations has been made to the Casualty Company's additional claim under the Virginia Death by Wrongful Act statute. The claim under the Jones Act is not barred by limitation but it is not tenable for one reason, because neither the ship nor Thorden was Bright's employer. A stevedore has been adjudged to possess certain of the rights of a seaman but he is not a member of the ship's crew. The Jones Act "does not say or mean that stevedores are to be regarded as seamen on the particular vessel upon which for the moment they happen to be at work. They simply are given the rights of seamen * * *." Uravic v. F. Jarka Co., 282 U.S. 234, 239, 51 S.Ct. 111, 112, 75 L.Ed. 312. Similarly, stevedores are entitled under Seas Shipping Co. v. Sieracki, supra, to the protection which flows from the shipowner's obligation of seaworthiness, but this extension of the scope of the obligation to cover the stevedores does not abrogate the rule that the Jones Act applies only where the relationship of employer and employee exists. It is significant that the stevedore libellant in the Sieracki case did not accept compensation or bring suit under the Jones Act against the ship as his employer, but brought his suit under the general maritime law. Indeed it was conceded in that case that the Jones Act did not apply since the plaintiff's suit was not against his employer. Sieracki v. Seas Shipping Co., D.C.E.D. Pa., 57 F.Supp. 724, 726.

The pending case does not fall outside the general rule. Thorden's contract with Stevedores was the usual contract between shipowners and the Stevedoring Corporation in which the ship furnishes certain equipment; and there was nothing in it to justify the contention that Bright had two employers, the Stevedore Company and the ship. As the court said in Cosmopolitan Shipping Co. v. McAllister, 337 U.S. at page 791, 69 S.Ct. at page 1322, "under the Jones Act only one person, firm, or corporation can be sued as employer." This conclusion is fortified by the provisions of the Longshoremen's Act which require the stevedore employer to provide compensation for injury to the workman, since it cannot be supposed that in any case more than one compensation payment should be made or that it should be provided by anyone other than the workman's immediate employer. That was taken care of in this case, as we have seen, by Steve-

dores, in accordance with the terms of the standard agreement with Thorden, whereby Stevedores paid for the compensation insurance and included the cost thereof in the rates charged against Thorden for unloading the ship.

The libellant places much stress upon decisions under the Federal Employer's Liability Act in Cimorelli v. New York Cent. R. Co., 6 Cir., 148 F.2d 575; Pennsylvania R. Co. v. Roth, 6 Cir., 163 F.2d 161; Pennsylvania R. Co. v. Barlion, 6 Cir., 172 F.2d 710. In these cases it was held that a corporation employed by a railroad company to load and unload cars at a storage place was subject to the control of the railroad to such an extent that it was not independent contractor, although so designated in the contract, and therefore the Railroad Company was liable under the statute to a workman employed on the job by the corporation. These decisions, however, depended upon their peculiar circumstances and they are not helpful in this case since Stevedores exercised the control of its employees which ordinarily characterized an independent contractor. Moreover, there was no controlling statute in these cases, such as the Longshoremen's Act, which must be taken into account in the pending case.

This brings us to the second reason why the libel cannot be sustained under the Jones Act. Shortly after the Haverty decision was rendered, Congress enacted the Longshoremen's and Harbor Workers' Compensation Act, which, as the Supreme Court has held, provides the sole remedy against the employer for the death of a stevedore in the course of his employment upon the navigable waters of the United States, 33 U.S.C.A. § 903; Swanson v. Marra Bros., 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045; Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099. The statute did not affect the stevedore's right to recover damages against a third party, unless he accepts compensation from his employer; but it did constitute the exclusive remedy of the worker against his employer, whether his employer was a stevedoring corporation or the ship. In the Sieracki case it was said: 328 U.S. at

page 102, 66 S.Ct. at page 881. "We may take it therefore that Congress intended the remedy of compensation to be exclusive as against the employer. See Swanson v. Marra Brothers, Inc. [ante, p. 1], 33 U.S.C. § 905, 33 U.S.C.A. § 905; But we cannot assume, in face of the Act's explicit provisions, that it intended this remedy to nullify or affect others against third persons. Exactly the opposite is true. The legislation therefore did not nullify any right of the longshoreman against the owner of the ship, except possibly in the instance, presumably rare, where he may be hired by the owner. The statute had no purpose or effect to alter the stevedore's rights as against any but his employer alone. Beyond that consequence, moreover, we think it had none to alter either the basic policy or the rationalization of the Haverty decision. Because the recovery under the Merchant Marine Act of 1920 was limited to the employer, the necessary effect of the Longshoremen's and Harbor Workers' Act, likewise so limited, was to substitute its remedy for that provided under the preexisting legislation and the Haverty decision's construction of it. There was none to nullify the basic and generally applicable policy of that decision or to affect the validity of its foundations in other applications."

Since the dependents of the deceased stevedore in this case accepted compensation under the statute, all claims against his employer were satisfied.

The conclusion we have reached that an injured stevedore should ordinarily be regarded as the employee of the stevedoring company which hired him and the owner of the ship should be treated as a third party is plainly of advantage to the workman. He is certain of compensation if he elects to apply for it or he may sue the third party at law and recover damages in his own right. If he elects to take compensation his right to recover damages from a third person is automatically assigned to his employer who must pay him any amount received in excess of the expenses of recovery and the compensation paid.

██ Such a claim against a third party is the foundation for the additional cause of action brought by the appellant under the Virginia death statute; but it must fail also for the reason given by the District Judge. It was filed more than one year. after the cause of action accrued. The death of the stevedore occurred on September 6, 1947. The pending libel was filed under the Jones Act on March 9, 1949 and the claim upon the death statute was not added to the libel until March 3, 1950. The statute provides that every action thereunder must be brought within one year after the death of the injured person; and it is settled in such a case that "The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all." The Harrisburg, 119 U.S. 199, 214, 7 S.Ct. 140, 147, 30 L.Ed. 358: Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210; Mejia v. United States, 5 Cir., 152 F.2d 686. See also Marshall v. International Mercantile Marine Co., 2 Cir., 39 F.2d 551; Redman v. U.S., 2 Cir., 176 F.2d 713. In the pending case no excuse for the delay, of which the court can take cognizance, has been offered. The Casualty Company simply failed to bring the suit within the required time.

Judgment affirmed.