**John T. PENNINGTON, Plaintiff-Appellant,**

v.

**PACIFIC COAST TRANSPORT COMPANY, Defendant-Appellee.**

**No. 28019**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1969.

Joseph Neves Marcal, III, H. W. O'Brien, Jr., New Orleans, La., for plaintiff-appellant.

Edward S. Bagley, New Orleans, La., for defendant-appellee; Terriberry, Carroll, Yancey & Farrell, New Orleans, La., of counsel.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge.

■ This is an appeal from a judgment and order of the District Court for the Eastern District of Louisiana in a Jones Act case dismissing the action after granting the defendant's motion for summary judgment.[1] We affirm.

The appellant Pennington suffered a back injury on May 22, 1966, as a diver in the employ of the Chevron Oil Company and recovered a jury verdict in the law suit arising out of the injury. Pennington underwent back surgery as a result of this injury.

In December, 1966, the master of the SS POINT SUR, which was owned by the Pacific Coast Transport Company (hereafter Pacific Coast) wired the Port Agent of the Sailor's Union of the Pacific in New Orleans for a replacement. In response to this request, Pennington was referred to the Browne-McHardy Clinic on December 15, 1966, for a pre-employment physical examination. For this service, the Clinic was paid $3.00 by Pacific Coast. The Clinic stood in an independent contractor relationship with Pacific Coast.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

The doctor who performed the examination discovered the scar left by Pennington's back operation and asked Pennington about it. Pennington's reply was that a Dr. Dabezies, the physician who had treated his back injury, had recommended that he go back to work. The Clinic's report notes the back surgery and that Pennington denied any trouble since the operation.

On December 16, 1966, Pennington flew to Jacksonville, Florida, at Pacific Coast's expense, where he boarded the POINT SUR and signed his articles of employment as an ordinary seaman. On February 3, 1967, Pennington went to a stateroom after standing watch on the bridge and sat down at a desk to read a newspaper. When he had finished reading, he stood up, stretched and then passed out, breaking three ribs in his fall. Pennington passed out on one other occasion before being taken off the vessel. Pennington had suffered no injuries on board the POINT SUR prior to this time and he testifies that his duties on board the POINT SUR were not strenuous.

Pennington alleged in his complaint that the injury was solely a result of the physical strain and activity attendant to the performance of his regularly assigned duties aboard the POINT SUR and that the injury was caused by the negligence of the physician who conducted the pre-employment physical examination in overlooking a pre-existing injury, any prudent and careful examination of which would have revealed that he was unfit for sea duty. The District Court held that there was no employer-employee relationship existing between Pennington and Pacific Coast at the time the physical examination was conducted and that as a consequence there could be no recovery under the Jones Act as a matter of law.

The single issue thus presented by this appeal is whether the District Court was correct in holding as a matter of law that no employee-employer relationship existed between Pennington and Pacific Coast when Pennington underwent his pre-employment physical examination and in granting summary judgment to Pacific Coast on this basis.

Summary judgment under Rule 56, Federal Rules of Civil Procedure, is properly granted when the record establishes that there is no genuine issue as to any material fact concerning a dispositive issue in a case and that the moving party is entitled to judgment as a matter of law. Underwater Storage, Inc. v. United States Rubber Co. (1966), 125 U.S.App.D.C. 297, 371 F.2d 950, 953, cert. den. 386 U.S. 911, 87 S.Ct. 859, 17 L.Ed.2d 784.

In order to recover under the Jones Act, a seaman must sustain his injury "in the course of his employment", 46 U.S.C. § 688, and the relationship of employee-employer must exist. Tsakonites v. Transpacific Carriers Corp. (S.D.N.Y., 1965) 246 F.Supp. 634, 636 n. 1, aff'd. (2 Cir.) 368 F.2d 426, cert. den. 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 434.

The Court below relied on McCall v. Overseas Tankship Corp. (2 Cir., 1955) 222 F.2d 441, a Jones Act case, which held that the death of a seaman in an air crash while enroute to the United States after having been signed off and discharged from the defendant's ship did not take place in the course of employment and that no recovery could be had under the Jones Act. In Miller v. Browning S. S. Co. (2 Cir., 1947) 165 F.2d 209, cert. den. 334 U.S. 834, 68 S.Ct. 1341, 92 L.Ed. 1761, the Court held that no employee-employer relationship existed and consequently no recovery under the Jones Act could be had where a seaman was injured on board a vessel before he had reported for duty pursuant to a union hiring-hall contract which gave the owner of the vessel the right to reject prospective employees sent to it by the union.

In the light of these cases, it is clear that the District Court was correct in granting summary judgment. The pre-employment physical examination was not in the course of Pennington's em-

ployment with Pacific Coast, but rather a precaution taken by Pacific Coast prior to hiring Pennington to determine if he was physically fit to enter into the proposed course of employment on board the POINT SUR. The judgment of the District Court is hereby

Affirmed.