**MARRIN v. AKRON & B. BELT R. CO. et al.**

Civil Action No. 22780.

District Court, N. D. Ohio, E. D.

Oct. 11, 1946.

Joseph M. Murphy, of Cleveland, Ohio, and Edward B. Henslee and Walter N. Murray, both of Chicago, Ill., for plaintiff.

C. G. Roetzel, of Akron, Ohio, and James A. Butler, of Cleveland, Ohio, for defendants.

JONES, District Judge.

The complaint in this case charges two defendant corporations with joint, concurrent and combined acts of negligence. It alleges jurisdiction as to the Akron and Barberton Belt Railroad Company under the Federal Employers' Liability Act and as to the Columbia Chemical Division of the Pittsburgh Plate Glass Company under Title 28, Section 41(1), U.S.C.A. because it involves more than $3,000 and is between citizens of different states, the plaintiff being a citizen of Ohio and the defendant, the Columbia Chemical Division of the Pittsburgh Plate Glass Company, a citizen of Pennsylvania.

The defendant, The Columbia Chemical Division of the Pittsburgh Plate Glass Company, has filed a motion to dismiss as to it.

The motion challenges the jurisdiction of this court because of the joining of the Akron and Barberton Belt Railroad Company, a citizen of Ohio, as party defendant. The question for decision is: Does the joining of an Ohio corporation, where the basis of jurisdiction as to the Ohio corporation is the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. deprive the District Court of jurisdiction? No case has been found or cited directly in point. On the basis of jurisdiction alleged in the joint action, the plaintiff could have brought in the District Court separate suits against each of the defendants.

The case of City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47, is not applicable to the circumstances of this case. In that case jurisdiction was based alone on Section 41(1). In this case the plaintiff asserts jurisdiction as to one defendant under the Federal Employers' Liability Act and as to the other defendant under Section 41(1). The District Court has only such jurisdiction as is conferred by statute. The plaintiff does not assert jurisdiction as to the Akron and Barberton Belt Railroad Company under Section 41(1). Separate statutes confer jurisdiction on the court as to each of these defendants and I do not think that the joining of the causes of action can oust this court of jurisdiction conferred by statute.

Motion overruled.