JAMES MAIORANO, Plaintiff, *v.* WILLIAM SHERMAN, INC., et al., Defendants. (Action No. 1.)

ROSAMOND LINDENBAUM et al., Plaintiffs, *v.* WILLIAM SHERMAN, INC., et al., Defendants. (Action No. 2.)

FLORENCE CONSTANZA, as Administratrix of the ESTATE OF ANDREW CONSTANZA, Deceased, Plaintiff, *v.* WILLIAM SHERMAN, INC., et al., and JAMES MAIORANO, Defendants. (Action No. 3.)

JOHN E. WALCZYK, Plaintiff, *v.* JAMES MAIORANO et al., Defendants. (Action No. 4.)

PHILIP LISTOKIN, Plaintiff, *v.* WILLIAM SHERMAN, INC., et al., Defendants. (Action No. 5.)

JOSEPH SCHUMER, Plaintiff, *v.* WILLIAM SHERMAN, INC., Defendant. (Action No. 6.)

Supreme Court, Special Term, Kings County, October 19, 1949.

*Bauso, Clemente & O'Hare* for James Maiorano, plaintiff in action No. 1 and defendant in action No. 3.

*Gair & Gair* for Rosamond Lindenbaum and others, plaintiffs.

*Brownstein & Brownstein* for Florence Constanza, as administratrix, plaintiff.

*O'Neill, Higgins & Latto* for John E. Walczyk, plaintiff.

*Leopold Rosen* for Philip Listokin, plaintiff.

*Robert J. Fitzsimmons* for Joseph Schumer, plaintiff.

*Richards W. Hannah* for William Sherman, Inc., and others, defendants.

BELDOCK, J. Motion to consolidate six separate actions, four of which are pending in this county, one in Queens County and one in Bronx County. The lawsuits arise out of a two-car collision and involve the passengers, operators and owners of both vehicles. One of the suits involves a death action.

In opposing this motion, it is urged that there would be considerable confusion in the minds of the jury in following the rules of law which are applicable to the passengers, to the question of contributory negligence in the death action, and to the extent of the injuries of each of the separate plaintiffs. It is likewise urged that it would be difficult for the jury to retain a full recollection as to the respective injuries of the plaintiffs; also, that the presentations by separate attorneys in each action will complicate the trial, to the prejudice of the litigants.

Obviously, a consolidated trial will not be a simple one to present or conduct by counsel or the court. As opposed to this, however, we are concerned with six separate trials before six separate juries in three different counties, all of which involve one collision. Such a procedure would be unwise and inexpedient. Duplication of trials should not be encouraged where

no substantial right is prejudiced by consolidation. Section 96 of the Civil Practice Act should be liberally construed to eliminate technicalities and multiplicity of suits.

While no reported authority has been called to the court's attention in which six separate lawsuits have been consolidated, it is the court's opinion that in its discretion and in a liberal interpretation of section 96, there should be but one trial of all of the negligence suits here involved. The different principles of law to be applied in the passengers' actions and in the death action are not difficult of explanation or application. No substantial rights of the litigants will be prejudiced by consolidation.

Accordingly, the motion to consolidate is granted. The moving parties having consented thereto in open court, the consolidated actions will be tried in Kings County. The plaintiff in action No. 5, which was the first to have been commenced, shall have the right to open and close. Settle order on notice.