MARTHA L. PFLEUGER, as Administratrix of the Estate of HERBERT A. PFLEUGER, Deceased, Appellant, *v.* MABEL G. PFLEUGER, as Administratrix of the Estate of HERBERT E. PFLEUGER, Deceased, et al., Respondents.

Argued March 4, 1952; decided May 29, 1952.

*Edward H. Kavinoky* and *William J. Brock* for appellant. The Appellate Division erred in holding that the court passing upon a pleading prior to trial may not take judicial notice of the law of a sister State under section 344-a of the Civil Practice Act. (*Croker* v. *Croker,* 252 N. Y. 24; *Waldo* v. *Schmidt,* 200 N. Y. 199; *Silberfeld* v. *Swiss Bank Corp.,* 183 Misc. 234; *Raphael* v. *Raphael,* 189 Misc. 144; *Schumann* v. *Loew's Inc.,* 199 Misc. 38; *Chesny* v. *Chesny,* 275 App. Div. 945; *Loranger* v. *Nadeau,* 215 Cal. 362.)

*Franklin R. Brown* and *Frank A. Pfalzer* for Ralph R. Marks and another, respondents. I. The complaint fails to state a cause of action. (*Whitford* v. *Panama R. R. Co.,* 23 N. Y. 465; *Gurofsky* v. *Lehigh Valley R. R. Co.,* 121 App. Div. 126, 197 N. Y. 517; *Johnson* v. *Phœnix Bridge Co.,* 197 N. Y. 316; *Schwertfeger* v. *Scandinavian Amer. Line,* 186 App. Div. 89, 226 N. Y. 696; *Debevoise* v. *New York, L. E. & W. R. R. Co.,* 98 N. Y. 377; *Watkins* v. *Commercial Stevedoring Co.,* 216 App. Div. 234.) II. The power of taking judicial notice cannot be invoked to sustain, against attack, an insufficient complaint. (*Debevoise* v. *New York, L. E. & W. R. R. Co.,* 98 N. Y. 377; *Chesny* v. *Chesny,* 275 App. Div. 945; *Schumann* v. *Loew's Inc.,* 199 Misc. 38; *Bergman* v. *Lax,* 107 N. Y. S. 2d 266; *Arams* v. *Arams,* 182 Misc. 336; *Berg* v. *Oriental Cons. Mining Co.,* 70 N. Y. S. 2d 19; *Matter of Mason,* 194 Misc. 308.)

LEWIS, J. In this action — whereby the plaintiff seeks damages from the defendants for wrongfully causing the death of her intestate which occurred in Pennsylvania and is alleged to have been due to an automobile accident in that State — the complaint does not specify the Pennsylvania statute upon which the plaintiff bases her right of action. At Special Term — where the omission of such specification was the sole basis for the defendants' motion for dismissal of the complaint under subdivision 5 of rule 106 of the Rules of Civil Practice — the motion was denied. At the Appellate Division the order of Special Term was reversed on the law and the complaint was dismissed.

(278 App. Div. 247.) Thereafter the Appellate Division granted plaintiff's motion for leave to appeal to this court and certified the following question: " Did this Court err, as matter of law, in making its order of May 16, 1951 ? " (278 App. Div. 1022.)

The certified question requires us in the present case — where the defendants' motion made at Special Term challenges the legal sufficiency of the complaint — to determine whether the scope of section 344-a of the Civil Practice Act is broad enough to empower the Supreme Court at a Special Term for Motions to take judicial notice of the statutes of a sister State.

Insofar as material to our inquiry, section 344-a provides:

" § 344-a. *Judicial notice of matters of law.* A. Except as otherwise expressly required by law, any trial or appellate court, in its discretion, may take judicial notice of the following matters of law:

" 1. A law, statute, proclamation, edict, decree, ordinance, or the unwritten or common law of a sister state, a territory or other jurisdiction of the United States, or of a foreign country or political subdivision thereof. * * *

"D. The failure of either party to plead any matter of law specified in this section shall not be held to preclude either the trial or appellate court from taking judicial notice thereof."

The procedural changes brought about by this statute (L. 1943, ch. 536) were in the first instance the product of research and recommendation by the Judicial Council.[1] The purpose of the statute was to formulate procedure which would obviate the former legal requirement of proving as a fact a foreign statute or law upon which a party relied.[2]

We are unable to agree with the view of the Appellate Division that the Supreme Court at Special Term for Motions is not empowered by section 344-a (*id.*) to take judicial notice of the statutes or laws of a sister State to sustain a pleading. If such

---

[1] Ninth Annual Report of the New York Judicial Council (1943, pp. 271–303). And see Saxe — " New York Extends Judicial Notice to Matters of Law ", Journal of American Judicature Society (1944, Vol. 28, pp. 86–90).

[2] A statement of the view that such legislation was desirable is found in Wigmore on Evidence (Vol. 9, 3d ed., § 2573) : " The professional common sense, fortunately, began some time ago to revolt at the needless expenditure of effort involved in compelling formal proof of what was in some instances virtually indisputable. Particularly absurd was the technical insistence on treating the States of the Union as foreign to each other."

an interpretation is to prevail it would follow that each time a complaint is challenged for legal insufficiency by a motion at Special Term, section 344-a would be unavailable as a defensive or offensive measure. Such a result, in our opinion, would thwart the purpose of the enactment.

In our consideration contextually of the phrase " * * * any trial or appellate court * * * ", as that phrase appears in section 344-a, we read the words " trial * * * court " as referable to courts of original jurisdiction — including a Special Term for Motions — as distinguished from appellate courts. When so read the purpose of the statute is effectuated — to give to courts of original jurisdiction and to appellate courts discretionary power to take judicial notice of a foreign statute or law.

Obviously the statute which we are considering is permissive, not mandatory. Under its provisions judicial notice of the matters of foreign law specified therein may be taken by a court " in its discretion ". In the exercise of such discretion the court may — in passing on the sufficiency of a pleading — take, or refuse to take, judicial notice of the specified matters of foreign law depending upon the deterrent factors of time, cost, and other adverse considerations which may be involved in making available to the court accurate knowledge of such foreign law. No such difficulties should be encountered in the present case, where the law upon which the plaintiff relies is a statute of the State of Pennsylvania.

Upon the argument of the present appeal we were made aware of the defendants' position that they are entitled to be informed as to the statute of Pennsylvania upon which the plaintiff claims her right of action is based. We may not disregard subdivision D of section 344-a (*supra*), which permits a court to take judicial notice of the matters of foreign law set forth in that statute, even though, as in the case at hand, no pleading specifies the law of a foreign jurisdiction as to which judicial notice may be taken. However, upon that subject we think it appropriate to suggest that the information the defendants seek may be the objective of a corrective motion under subdivision 1 of rule 102 of the Rules of Civil Practice or a motion for a bill of particulars.[3]

---

[3] See cases collected in article entitled " Bills of Particulars of Foreign Law " in N. Y. L. J., March 8, 1951, p. 836, col. 1 *et seq.*

The order of the Appellate Division should be reversed and the order of Special Term affirmed, with costs in this court and in the Appellate Division. The certified question should be answered in the affirmative.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Ordered accordingly.