RHODE ISLAND HOSPITAL TRUST COMPANY, as Trustee, Plaintiff, *v.* CLAUDE NEON, INC., Defendant.

STEWART B. HOPPS et al., Plaintiffs, *v.* CLAUDE NEON, INC., Defendant.

Supreme Court, Special Term, New York County, September 16, 1952.

*Isidor J. Kresel* for plaintiffs.

*Abraham Rotwein* for defendant.

DI FALCO, J. This is a motion for joint trial of actions pursuant to section 96-a of the Civil Practice Act. While it appears that one action is a suit to recover on promissory notes and the other is for the return of shares of stock, there is a fraud counterclaim in each which is identical against the principal and agent as tort-feasors. A joint trial I am convinced will avoid a duplication of work of counsel and the court. The substantial identity of factual issues makes consolidation for trial desirable (*Winn* v. *Zone Oil Trucking Corp.,* N. Y. L. J., Feb. 24, 1950, p. 685, col. 5). The fact that all issues are not identical is no bar to the consolidation (*Peters* v. *New York Bd. of Fire Underwriters,* 276 App. Div. 846; *Lowery* v. *Perner,* N. Y. L. J., Oct. 19, 1950, p. 868, col. 5). Weighed against certain complications which may occur in the joint trial of the actions,

the advantages of a consolidation from the standpoint of avoidance of a multiplicity of trials impel the court to grant the consolidation herein (*Wilzin* v. *Sarlitt,* N. Y. L. J., Feb. 3, 1950, p. 437, col. 6). The fact that no note of issue has been served in one of the actions is no bar to consolidation. Even in cases where issue has not been joined in one of the actions, consolidation has been granted (*Lee* v. *Schmeltzer,* 229 App. Div. 206). Furthermore, the fact that different principles of law will have to be applied in the several causes of action is no objection to consolidation (*Maiorano* v. *William Sherman, Inc.,* 196 Misc. 659; *Shea* v. *Benjamin,* 275 App. Div. 1003; *Peters* v. *New York Bd. of Fire Underwriters,* 276 App. Div. 846, *supra; Kubran* v. *Acme Brick Corp.,* 268 App. Div. 1046; *Matter of Kimmel,* 58 N. Y. S. 2d 681). The policy of the law is to consolidate actions where it can be done without prejudice to a substantial right (*Shlansky & Bro.* v. *Grossman,* 273 App. Div. 544).

Accordingly the motion is granted. For all other purposes the actions will retain their separate identity. The order in which the respective plaintiffs will proceed will be determined by the justice presiding at the trial. Separate judgments will be entered in each action, with separate bills of costs. Settle order.