**MITCHELL**

v.

**DELAWARE & H. R. CORP. et al.**

**Civ. A. No. 42–77.**

United States District Court
N. D. New York.
Feb. 11, 1953.

McClung, Peters & Simon, Albany, N. Y., for plaintiff. Homer E. Peters, Albany, N. Y., of counsel.

Dugan, Barkhuff & Dugan, Albany, N. Y., for defendant Delaware & H. R. Corp. Earl H. Barkhuff, Albany, N. Y., of counsel.

O'Connell & Aronowitz, Albany, N. Y., for defendant Canadian Nat. Ry. Co. Dennis P. Donovan, New York City, of counsel.

FOLEY, District Judge.

The defendant Canadian National Railway Company challenges the jurisdiction of this court over the subject matter of the claim set forth in the complaint as against it. The complaint is one charging joint and concurring acts of negligence against both defendants. Such acts of negligence are separately stated as to the negligence claimed against each. It is the contention of the defendant Canadian National Railway Company that because the complaint is drafted in such manner, there must be diversity or alienage as to both defendants or jurisdiction must fall. I do not agree.

The joinder is proper under Rule 20(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., although it is elemental that such procedural rule cannot enlarge the jurisdiction of the court. However, there is sufficient jurisdictional support for the claim against each defendant. The claim against the Delaware and Hudson Railroad Company admittedly is supported by the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the claim against the defendant movant herein is supported by alienage. It may be true that the complaint does not spell out specifically alienage as the ground for jurisdiction as against the Canadian National Railway Company but sufficient is present to adequately allege in the complaint jurisdiction upon that ground, Section 1332(a) (1), 28 U.S.C.A.; Rule 8(f), Federal Rules of Civil Procedure; 2 Moore's Federal Practice (2d Ed.) pages 1634–1639.

Marrin v. Akron & B. Belt R. Co., D. C., 68 F.Supp. 853, although apparently not based upon previous authority, is similar enough in its facts in my judgment to support the holding here. Also, it is interesting to note in several authorities the emphasis placed upon the presence or absence of diversity and alienage to support claims in situations not too unlike the one here. Most significant are the actions where the government is sued under the Federal Tort Claims Act and an individual defendant joined. Pearce v. Pennsylvania R. Co., D.C., 7 F.R.D. 420, affirmed, 3 Cir., 162 F.2d 524, certiorari denied 332 U.S. 765, 68 S.Ct. 71, 92 L.Ed. 350; Englehardt v. U. S., D.C., 69 F.Supp. 451; Wasserman v. Perugini, 2 Cir., 173 F.2d 305; New Orleans Public Belt R. Co. v. Wallace, 5 Cir., 173 F.2d 145.

The motion to dismiss is denied.