Elmore Scott, Appellant, *v.* Southern Railway Co., Respondent.

First Department, May 26, 1953.

*Arnold B. Elkind* of counsel (*Leon Fein* with him on the brief; *Arnold B. Elkind,* attorney), for appellant.

*J. Roger Carroll* of counsel (*Davis Polk Wardwell Sunderland & Kiendl,* attorneys), for respondent.

Dore, J. For personal injuries claimed to be caused by defendant's negligence while plaintiff was working as defendant's employee in Statesville, North Carolina, plaintiff under the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 *et seq.*) sues in this State defendant railroad, a foreign corporation organized under the laws of the State of Virginia and engaged in interstate commerce with an office for the transaction of business in the State of New York. Defendant moved to vacate service of the summons and dismiss the complaint solely on the ground that, as the cause of action occurred wholly outside this State between parties who are both nonresidents, the court in the exercise of its discretion should decline to retain jurisdiction.

On defendant's above motion, the issue of plaintiff's residence and the question whether the suit was an unreasonable burden on interstate commerce were referred to an Official Referee.

After a hearing, he found that plaintiff was a bona fide resident of the State of New York prior to the commencement of this action, and that defendant had adduced no competent evidence to show the suit was an unreasonable burden on interstate commerce. The evidence amply supports the finding that plaintiff was a bona fide resident of this State and Special Term so held. But on plaintiff's motion to confirm the Referee's report, instead of confirming, Special Term ruled that the motion to confirm should be held in abeyance pending another reference to the Official Referee to determine, on additional proof by defendant, whether this action was an unreasonable burden on interstate commerce. We think the further reference was unnecessary and that the Referee's report on plaintiff's bona fide residence here should have been confirmed.

Section 224 of the General Corporation Law provides that an action against a foreign corporation " may be maintained by a resident of the state * * * for any cause of action." *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.* (235 N. Y. 152) was also an action in tort brought in this State against a foreign corporation for personal injuries incurred by the plaintiff therein while working for the defendant in its coal mines in Pennsylvania; at the time of the accident, as in this case, plaintiff was a resident of the foreign State; but a jury found that he was a bona fide resident of this State at the time he commenced the action. The Appellate Division of the Second Department held that our Supreme Court had discretion and the power to dismiss because the tort happened in Pennsylvania and was governed somewhat by Pennsylvania statutes (188 App. Div. 975). In reversing that ruling the Court of Appeals said (pp. 155–156) : " The question is, therefore, squarely presented to us, whether or not the Supreme Court has any such power over an action brought by a *resident* of the state of New York. Torts are transitory actions and can be brought, as a general rule, in any state where the courts have jurisdiction over the parties. * * * Discretion implies a power to make a choice. We do not think that as to a resident of this state the court has any such discretion." That ruling is here controlling. As plaintiff was a bona fide resident of the State of New York at the commencement of the action, the Supreme Court had no discretion to refuse to hear his case. A similar ruling was made in *Karius* v. *All States Freight, Inc.* (176 Misc. 155, 157, BERGAN, J.), in which the court held: " Jurisdiction is not a burden upon interstate commerce where the plaintiff is a resi-

dent of the State in which the action is maintained and where the defendant is doing business in that State by actually and physically transporting goods therein in interstate commerce.'' No claim is here made that defendant is not doing business here; as above indicated, defendant's motion to dismiss was not made on any such ground.

The elaborate evidence sought to be adduced before the Referee by defendant tending to show that the trial of the action in this jurisdiction would be a burden on interstate commerce and that by reason of the expense and inconvenience involved, our Supreme Court was *forum non conveniens*, should have been excluded, if not on the grounds given by the Official Referee, at least on the ground that it was irrelevant on the motion under consideration herein once plaintiff was shown to be a bona fide resident of this State.

The order appealed from should be modified so as to grant plaintiff's motion to confirm the finding of the Official Referee that plaintiff became a bona fide resident of the State of New York prior to the commencement of this action; and, on such confirmation, defendant's original motion to vacate service of the summons and dismiss the complaint on the ground that in the exercise of its discretion the court should decline to retain jurisdiction, should be denied, with costs to plaintiff-appellant. Settle order.

PECK, P. J., CALLAHAN, BREITEL and BERGAN, JJ., concur.

Order unanimously modified so as to grant plaintiff's motion to confirm the finding of the Official Referee that plaintiff became a bona fide resident of the State of New York prior to the commencement of this action; and, on such confirmation, defendant's original motion to vacate service of the summons and dismiss the complaint on the ground that in the exercise of its discretion the court should decline to retain jurisdiction denied, with costs to the plaintiff-appellant. Settle order on notice.