GRACE L. WHITE, as Executrix of ALBERT R. WHITE, Deceased, Plaintiff, *v.* BOSTON AND MAINE RAILROAD et al., Defendants.

Supreme Court, Special Term, Albany County, July 10, 1953.

*E. Stewart Jones* and *Homer E. Peters* for plaintiff.

*Charles E. Nichols* for New York, New Haven and Hartford Railroad Company, defendant.

HAMM, J. This is a motion " for an order vacating the service of the summons and complaint upon the defendant, NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, and for judgment dismissing the action as against said defendant upon the grounds that the cause of action alleged in the complaint against said defendant arose out of an occurrence in the commonwealth of Massachusetts, the plaintiff is a non-resident of the State of New York and the defendant, NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, is a foreign corporation and by reason thereof the Court should in the exercise of its discretion decline to retain jurisdiction of said cause of action against said defendant ".

The plaintiff, a resident of the State of Maine, is suing as the executrix of her deceased husband. The decedent was employed by the Boston and Maine Railroad as an engineer and, while passing through a railroad yard in Worcester, Massachusetts, was struck by a caboose owned and operated by the New York, New Haven and Hartford Railroad Company.

An action arising from the death of the plaintiff's testator is pending in the Supreme Court for Rensselaer County against the Boston and Maine Railroad under the Federal Employer's Liability Act and against the New York, New Haven and Hartford Railroad Company under the applicable statutes of Massachusetts.

Boston and Maine Railroad and New York, New Haven and Hartford Railroad Company will from now on be mentioned respectively as the Boston and Maine and the New Haven.

It is undisputed that the plaintiff cannot sue the New Haven in Maine. The Boston and Maine is a domestic corporation with its principal place of business in the city of Troy, Rensselaer County. The New Haven is a foreign corporation transacting business in New York State and may be sued in this State under the provisions of subdivision 4 of section 225 of the General Corporation Law.

Section 2A of chapter 229 of the Laws of Massachusetts, of which judicial notice may be taken (*Pfleuger* v. *Pfleuger,* 304 N. Y. 148), provides: " If a corporation operating a railroad, street railway or electric railroad, by reason of its negligence or wilful, wanton or reckless act, or of the unfitness or negligence, or the wilful, wanton or reckless act of its agents or servants while engaged in its business, causes the death of a passenger, or of a

person in the exercise of due care who is not a passenger or in the employment of such corporation, it shall be punished by a fine of not less than two thousand nor more than fifteen thousand dollars, to be recovered by an indictment prosecuted within two years after the time of the injury which caused the death, which shall be paid to the executor or administrator, and distributed as provided in section one; but a corporation which operates a railroad shall not be so liable for the death of a person while walking or being upon its railroad contrary to law or to the reasonable rules and regulations of the corporation, and one which operates an electric railroad shall not be so liable for the death of a person while so walking or being on that part of its railroad not within the limits of a highway. Such corporation shall also be liable in damages in the sum of not less than two thousand nor more than fifteen thousand dollars, to be assessed with reference to the degree of culpability of the corporation or of its servants or agents, which shall be recovered in an action of tort, begun within two years after the injury which caused the death, by the executor or administrator of the deceased, and distributed as provided in section one. If an employee of a railroad corporation, being in the exercise of due care, is killed under such circumstances as would have entitled him to maintain an action for damages against such corporation if death had not resulted, the corporation shall be liable in the same manner and to the same extent as it would have been if the deceased had not been an employee. But no executor or administrator shall, for the same cause, avail himself of more than one of the remedies given by this section.''

Section 6 of the same chapter also provides: '' In any civil action brought under section two A, two C or five A, damages may be recovered under a separate count at common law for conscious suffering resulting from the same injury, but any sum so recovered shall be held and disposed of by the executors or administrators as assets of the estate of the deceased.''

The plaintiff had an indestructible right to select the Supreme Court for Rensselaer County in which to bring her action against the Boston and Maine. '' Our courts are bound to try an action for a foreign tort when either the plaintiff or the defendant is a resident of this State.'' (*de la Bouillerie* v. *de Vienne*, 300 N. Y. 60, 62.) There is no discretion to dismiss where the plaintiff is a resident. (*Scott* v. *Southern Ry. Co.,* 282 App. Div. 132.) The question is whether the maintenance of the companion action against the New Haven constitutes such

an undue burden as to appeal to the discretion of the court to dismiss the case on the ground that it is one between two non-residents wherein the cause of action arose elsewhere.

There are special circumstances here existing which justify retention of jurisdiction: the plaintiff cannot sue in the State of Maine, the plaintiff may not be criticized for selecting Rensselaer County as the most advantageous forum, the additional burden of receiving the evidence against the New Haven in connection with the trial of the action against the Boston and Maine will, as a practical matter, be relatively insignificant, and the advantage of trying all issues in one action accords with the prevailing trend in modern times and is not unworthy of consideration.

While the trial of the case in New York rather than in Massachusetts may create some inconvenience to the New Haven, it is not clear what the disadvantage would be. The New Haven mentions as witnesses ten employees, a doctor in Worcester, Massachusetts, a photographer and a civil engineer. It would appear that the doctor, photographer and engineer will be professional witnesses as such, testifying not of their own knowledge of the accident itself but only as experts. The nature of the testimony of the employees is not disclosed in any way and it is not alleged that any of them was an eyewitness to the accident.

The New Haven claims that " confusion would result in the trial of this action against the New Haven at the same time as the action is tried against the Boston and Maine ". It is true that under the Massachusetts statute contributory negligence constitutes a bar to recovery whereas under the Federal Employer's Liability Act contributory negligence is merely an offset in diminution of damages, that under the Massachusetts statute damages are assessed with reference to the degree of the defendant's culpability and further that the amount of recovery is fixed by the statute at not less than $2,000 nor more than $15,000. However, a court will have no difficulty in explaining these rules of law to the jury and it is not reasonable to assume the jury will have difficulty in applying them after attending to the appropriate exegesis of the court. " The fact that different principles of law will have to be applied in the several causes of action is no objection to consolidation (*Maiorano* v. *Sherman, Inc.,* 196 Misc. 659; *Shea* v. *Benjamin,* 275 App. Div. 1003; *Peters* v. *New York Bd. of Fire Underwriters,* 276 App. Div. 846, *supra*; *Kubran* v. *Acme Brick Corp.,* 268 App. Div. 1046; *Matter of Kimmel,* 58 N. Y. S. 2d 681). The policy of

the law is to consolidate actions where it can be done without prejudice to a substantial right (*Shlansky & Bro., Inc.,* v. *Grossman,* 273 App. Div. 544).'' (*Rhode Island Hosp. Trust Co.* v. *Claude Neon, Inc.,* 203 Misc. 531, 532.)

The New Haven also cites Federal cases in which joinder of an action against one defendant under the Jones Act (U. S. Code, tit. 46, § 688) with a common-law action against another defendant was refused, mentioning *Eggleston* v. *Republic Steel Corp.* (47 F. Supp. 658), and *Ginsburg* v. *Standard Oil Co. of New Jersey* (5 F. R. D. 48). Cases under the Jones Act are inapposite. In such cases joinder was refused as a matter of law. The first sentence of rule 81 of the Federal Rules of Civil Procedure explicitly states '' (1) These rules (Federal Rules of Civil Procedure — insertion mine) do not apply to proceedings in admiralty.'' This quoted sentence specifically excludes the provisions of subdivision (a) of rule 20 of the Federal Rules that '' All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.'' Moreover, in *Eggleston* v. *Republic Steel Corp.* (47 F. Supp. 658, *supra*), relied on by the defendant the court specifically stated (p. 659):

'' The respondent, Republic Steel Corporation, moves, on several grounds, to dismiss the libel as against it. One of such grounds is that the action against the two respondents can not be joined, and the view taken here is that this is the only ground for the motion which need be considered. * * *

'' Because of Rule 81 of the Federal Rules of Civil Procedure, 28 U. S. C. A., following section 723c, Rule 18 of the Federal Rules of Civil Procedure, permitting the joinder of claims, has no application here.''

And *Ginsburg* v. *Standard Oil Co. of New Jersey* (5 F. R. D. 48, *supra*), cited by the defendant and following the rule in the *Eggleston* case is adverted to as '' of questionable validity '' in Moore on Federal Practice (2d ed., p. 1811, n. 13).

But there are many cases, State and Federal, that a railroad employee may sue his employer under the Federal Employer's Liability Act and at the same time sue a third party for the same alleged wrongful act which gave rise to his cause of action against the employer. (*Cott* v. *Erie R. R. Co.,* 231 N. Y. 67; *Marrin* v. *Akron & B. Belt R. Co.,* 68 F. Supp. 853; *Armstrong* v. *Chicago & W. I. R. Co.,* 350 Ill. 426, certiorari denied 289 U. S.

724; *Mitchell* v. *Delaware & Hudson R. R. Corp.*, U. S. Dist. Ct., N. D. N. Y., Feb. 11, 1953, FOLEY, J.)

Finally the New Haven urges that in the event of a verdict against both defendants difficulties may arise under section 211-a of the Civil Practice Act entitled '' Action by one joint tort-feasor against another.'' If it be assumed that section 211-a applies, this section contains within itself a provision that '' where the parties have appeared in the original action, a judgment may be entered by one such defendant against the other by motion on notice.'' So, only a question of law would arise and the possibility that a question of law may at some future time be presented to a court is not a persuasive reason for refusal to entertain jurisdiction.

Submit order.