relegated to their remedies under the appropriate provisions of the Lien Law. Settle order on notice. Present — Dore, J. P., Cohn, Breitel, Bastow and Botein, JJ.

∎

ADALBERT GREINER, Respondent, v. HANS J. FREUND, Appellant.— Order unanimously modified to the extent that the motion to dismiss the first cause of action for legal insufficiency is granted, without costs to either party, but with leave to plaintiff to serve an amended complaint and, as so modified, affirmed. The first cause of action does not establish a joint venture or other basis to support the fiduciary obligation ascribed to defendant by plaintiff. Plaintiff, nevertheless, should be permitted to allege facts, if any exist, sufficient to charge defendant with an obligation to file a claim against the representative of the corporation for the full amount of the debt. The second cause of action is adequately pleaded, there being sufficient allegation of unjust enrichment on the part of defendant. Settle order on notice. Present — Dore, J. P., Cohn, Breitel, Bastow and Botein, JJ.

∎

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM BROWN, Appellant.— Judgment affirmed. No opinion. Present — Dore, J. P., Cohn, Breitel, Bastow and Botein, JJ.; Dore and Cohn, JJ. dissent and vote to reverse and dismiss the information in the following memorandum: Upon all the evidence, there is not proof establishing beyond a reasonable doubt criminal intent on defendant's part. It appears that the complainant is seeking adequate redress in civil proceedings.

∎

SAMUEL M. FINK, as Ancillary Administrator with the Will Annexed of VIVIEN C. GRIFFIN, Deceased, Appellant, v. LEONARD G. BRADFORD, Respondent. — On a motion addressed to the pleadings it is discretionary with the court whether to take judicial notice of foreign law (Civ. Prac. Act, § 344-a; *Pfleuger* v. *Pfleuger*, 304 N. Y. 148). Orders unanimously affirmed, with $20 costs and disbursements to the appellant, as involving an appropriate exercise of discretion by the Special Term with respect to the foreign law applicable to both counterclaims. Present — Peck, P. J., Dore, Cohn, Callahan and Botein, JJ.

∎

W. HENRY GAMSON et al., Respondents, v. ALBERT L. ROBINSON et al., Individually and as Voting Trustees, Appellants.— Order, so far as appealed from, unanimously affirmed, with $20 costs and disbursements to the respondent Miriam K. Lurie. No opinion. Present — Peck, P. J., Dore, Cohn, Callahan and Botein, JJ.

∎

W. HENRY GAMSON et al., Respondents, v. ALBERT L. ROBINSON et al., Individually and as Voting Trustees, Appellants.— The stockholders' agreement of November 4, 1929, was avowedly calculated to retain control of the corporation in the stockholders who were parties to the agreement and their families. The December, 1953, voting trust agreement was merely the form in which certain stockholders, retaining beneficial ownership, saw fit to assert that measure of control which was represented by their stockholdings. Plaintiffs argue that the purpose of the 1929 agreement was to maintain the same proportionate voting control among the stockholders in the event of transfer of voting stock, and that the proportions originally established have been destroyed by the subsequent vot-