MARCO SINAI, Plaintiff, *v.* ELIO LEVI, Defendant.

City Court of the City of New York, Special Term, New York County, June 30, 1955.

*Herbert Solon* for defendant.

*Simon S. Nessim* for plaintiff.

HARRY B. FRANK, J. Plaintiff herein pleads two causes of action; one, a count in conversion which under New York law (Civ. Prac. Act, § 49, subd. 7) has a three-year Statute of Limitations, and a second count which plaintiff contends is a breach of contract with a six-year limitation (Civ. Prac. Act, § 48, subd. 1). In the answer defendant pleads the Statute of Limitations as a bar to both counts and further that the second count fails to state facts sufficient to constitute a cause of action. Defendant now moves under rules 106 and 107 of the Rules of Civil Practice for dismissal of the complaint on the grounds above set forth. Plaintiff cross-moves under rule 104 to strike out paragraph 4 of the answer which contains the defense of the Statute of Limitations.

The facts as elicited primarily from plaintiff's pleading and affidavits indicate that in June, 1949, the plaintiff, Sinai, a New York resident at that time and up to the present time, entered into an agreement with the defendant, Levi, an Italian citizen and resident, whereby plaintiff delivered to the defendant in Italy an automobile which defendant was to sell for a price of at least $3,500 and then to remit the proceeds less a 5% commission to the plaintiff. In the event that the automobile was not sold it was to be returned to the plaintiff.

Defendant's affidavits do not contradict this statement of facts and there is substantial agreement that the defendant was not present in the United States, and particularly in the State of New York, from the time the agreement was entered into until 1954, when he came here for a visit. There is agreement that the alleged cause of action arose outside the State and in Italy.

Defendant moves under rules 106 and 107 of the Rules of Civil Practice for dismissal on the ground that the Statute of Limitations is a bar. The relief which defendant seeks cannot properly be granted under rule 106 but only under rule 107. (*First Nat. Bank of Genoa* v. *American Sur. Co.*, 239 App. Div. 282.) Thus defendant's motion under rule 106 is therefore denied. The motion will be considered only under rule 107 and together with plaintiff's cross motion under rule 104.

Sections 13, 19 and 55 of the Civil Practice Act are the pertinent statutes. In reviewing these sections it is necessary to consider that plaintiff is a New York resident. In view of this fact, sections 13 and 55 require that the New York Statutes of Limitations be applied irrespective of any Statute of Limitations of the place where the cause of action arose or where defendant resides. Superficially it would appear that the New York statute has run as to the count in conversion since it arose in June, 1949, and the action was instituted on December 1, 1954. However, the facts set forth in the affidavits indicate that this is a situation where section 19 should be invoked. The defendant was outside of the State from the time the cause of action arose until sometime in 1954; therefore the statute did not begin to run against him until he entered the State for the first time. Service here having been effected on December 1, 1954, it is immaterial whether defendant came here in February, 1954, as his counsel claims or sometime in October or November as plaintiff contends, since either date is well within the permissible statutory time. See *National Surety Co.* v. *Ruffin* (242 N. Y. 413) which holds that section 19 modifies and applies to a situation involving sections 13 and 55, as in the case before us.

There is another point which requires consideration. Sections 13, 19 and 55 have been held to have no application where the foreign right of action is utterly extinguished after a lapse of specified time by the foreign statute. (*Matter of Tonkonogoff*, 177 Misc. 1015, 1023.) The discussion in that case indicates that where " the statute of the foreign State or country is a condition precedent to the maintenance of the action, or affects the cause of action and not the remedy, or extinguishes the right, any action in our State courts is barred at the expiration of the foreign statutory period."

Counsel for neither side has pleaded or set forth in any affidavit the law of Italy in regard to the remedy for conversion. Counsel for the defendant in his answering affidavit concludes that " Sections 19 and 55 of the Civil Practice Act do not apply as the accrued cause of action in Italy, which is a Civil Law

Country, was extinguished by the cause of action itself, under the Statute of Limitations in Italy ''. He cited no authorities or statutes to substantiate this conclusion.

While it is true that section 344-a of the Civil Practice Act allows this court, in both Trial Term and at a Special Term for motions, to take judicial notice of the statutory or unwritten or common law of a foreign country, that section is purely permissive and not mandatory. (*Pfleuger* v. *Pfleuger,* 304 N. Y. 148, 152.) The court in the *Pfleuger* case found that the exercise of judicial discretion in taking cognizance of foreign law depends upon '' the deterrent factors of time, cost, and other adverse considerations which may be involved in making available to the court accurate knowledge of such foreign law ''.

The law involved here is not that of a sister State or even of a common-law country. The circumstances in this case indicate that it would be preferable to defer proof of the foreign law to the time of the trial.

Upon the foregoing considerations, defendant's motion under rule 107 of the Rules of Civil Practice, and subdivision 7 of section 49 of the Civil Practice Act, for a dismissal of the complaint on the ground that the Statute of Limitations is a bar to the action must be denied.

Since paragraph 4 of the answer sets forth the defense '' That more than 6 years has elapsed since the alleged cause of action arose and the first and second cause of action has been barred by the statute of limitations '', it would appear that plaintiff's motion to strike that paragraph as sham is well founded. In the first instance six years had not in fact passed from June, 1949, even until the time of the bringing of this motion. It is obvious, however, from defendant's other papers and his reliance on subdivision 7 of section 49 of the Civil Practice Act, that what was intended was to plead '' that more than three years have elapsed '', and the defense will be considered on that basis. However, the defendant has pleaded only that the action is *barred* by the Statute of Limitations, which, as has been pointed out, is not the case. Nowhere was it pleaded that the action has actually been extinguished by the foreign statute, nor is the foreign statute itself set forth. Only such a defense could defeat this action, for if the law of the forum be applicable the suit was timely brought. As paragraph 4 of the answer is thus sham, it should be stricken under rule 103 of the Rules of Civil Practice. Although plaintiff moved under rule 104 of the Rules of Civil Practice, this error will be overlooked as obviously what was intended was to move under rule 103 as indicated by the relief

sought. Defendant, who, by his affidavits, indicates awareness of the problem, will be given the opportunity to serve an amended paragraph 4 within ten days from the date of the publication of this decision in the law journal.

Defendant has also moved under rule 106 of the Rules of Civil Practice for dismissal of the second cause of action on the ground that it is insufficient in law. Plaintiff contends that he states a good cause of action for breach of contract. Since plaintiff chooses to proceed on this theory the pleading will be tested accordingly, although the complaint should not be dismissed " ' If in any aspect upon the facts stated the plaintiff is entitled to a recovery ' ". (*Pomerance* v. *Pomerance*, 301 N. Y. 254, 255.) In determining the sufficiency of this pleading, every fair inference must be drawn in its favor, however imperfectly or informally the facts may have been drawn. (See *Condon* v. *Associated Hosp. Service*, 287 N. Y. 411.)

Although somewhat inartistically drawn, plaintiff has, nevertheless, set forth a sufficient statement of facts to establish each necessary element of a cause of action for breach of contract. He has certainly set forth facts which state the terms of an existing agreement for good consideration. On that basis, he has also pleaded sufficient facts to establish the performance of the only necessary condition precedent which, under the terms of the agreement, is merely delivery of the automobile to the defendant. As he has set forth the specific condition precedent which he has performed, it was not necessary for him to use the short form of pleading provided by rule 92 of the Rules of Civil Practice. (See *Utica Trust & Deposit Co.* v. *Sutton*, 231 App. Div. 95.) He has likewise stated the ultimate fact constituting the defendant's breach, i.e., failure to remit the money less a 5% commission after sale of the automobile, and he has pleaded the damages sustained by reason of that breach. Thus the necessary elements of a cause of action for breach of contract have been set forth and defendant's motion for dismissal under rule 106 is denied.

Order signed.