Joseph A. Gavagan, J.
This is a motion to dismiss the complaint for insufficiency and invalidity and for certain alternative relief. The complaint purports to set forth a cause of action upon a check in the amount of $400,000 made and delivered on February 20, 1944 at Juan les Pins, France, by the defendant, a resident of the State of New York, to the plaintiff. It also asserts that the check drawn upon defendant’s account with a New York bank remains unpaid. No consideration is alleged.
The defendant contends (1) that the check issued in enemy-occupied France during World War II was nonnegotiable and its consideration must be alleged and that (2) under Executive Orders of the President of France and of the President of the United States then in effect the entire transaction was “ blocked ” and illegal without a license.
Under the laws of New York, a check in the usual form, such as the instrument sued upon, is negotiable and is presumed to have been issued for value (Pfister v. Heins, 136 App. Div. 457; Negotiable Instruments Law, § 50). The check in suit was made and delivered in France, however, and the law of that country would control on the issue of its validity, negotiability and consideration (Swift & Co. v. Bankers Trust Co., 280 N. Y. 135). Nevertheless, where, as here, “ the principle involved is one of the law merchant common to civilized countries ”, it may be presumed — in the absence of proof — that the French law is the same as the law of New York (9 Wigmore on Evidence [3d ed.], § 2536), and the fact that France was an occupied country when the check was issued does not, of itself, serve to rebut the inference that the check was negotiable on its face and the presumption that it was given for value.
The question then arises whether this court shall take judicial notice of the Executive Orders of the President of France and of the President of the United States which, according to the defendant, not only rendered the check nonnegotiable but “ blocked” the entire transaction. Under section 344-a of the Civil Practice Act, the courts of this State — including a Special Term for motions — have discretionary power to take judicial notice of a foreign statute or law. ‘' In the exercise of such discretion the court may — in passing on the sufficiency of a pleading — take, or refuse to take, judicial notice of the specified matters of foreign law depending upon the deterrent factors of time, cost, and other adverse considerations which may be involved in making available to the court accurate knowledge of such foreign law.” (Pfleuger v. Pfleuger, 304 N. Y. 148, 152.)
Where, as here, there are sharply conflicting affidavits as to *454 the construction of the foreign law and such conflict cannot be resolved without further and independent proof, the discretion of this court sitting at Special Term will not be exercised to take judicial notice of the disputed foreign law. Under such circumstances, the matters raised by the foreign law must be pleaded and proved by way of defense.
The challenged pleading, favored on this motion by every intendment and fair inference, is found to be sufficient. The motion is accordingly denied except that defendant may renew his demand for a bill of particulars after joinder of issue.