Reid S. Mottle, J.
This is a suit by the Towns of Amherst and Cheektowaga to enjoin the defendant, The Niagara Frontier Port Authority, from proceeding with a proposed extension of runways at the Greater Buffalo International Airport so as to accommodate jet aircraft.
By notice of motion dated February 28,1963, defendant moved to dismiss the complaint for lack of jurisdiction over its person and over the subject matter of the suit.
The question to be decided is whether or not the court has jurisdiction to review the decision of the Authority and to enjoin the proposed extension of the runways. Briefly, the argument of the defendant is that it is an arm or agency of the State, performing a governmental function of the State, and that it shares in the sovereign immunity of the State from suits in equity.
The answer to this question rests on two other questions. First, whether the defendant is an arm or agency of the State clothed with sovereign immunity. Second, assuming that it is such whether the State has waived the immunity of the Authority to suits in equity.
The Niagara Frontier Port Authority was created by the Legislature in 1955. It is a “body corporate and politic constituting a public benefit corporation.” (Public Authorities Law, § 1303, subd. 1.) The Legislature has declared that its creation and purposes are “ for the benefit of the people of the state ”, and that it is to be regarded as performing a “ governmental function”. (Public Authorities Law, § 1315, subd. 1.)
The Court of Appeals held in Easley v. New York State Thruway Auth. (1 N Y 2d 374 [1956]) and Benz v. New York State Thruway Auth. (9 N Y 2d 486 [1961]) that the New York State Thruway Authority is an arm or agency of the State. True, the relationship between the Authority and the State may not be as close as that existing between the Thruway Authority and the State. Nevertheless, the relationship is a close one and I believe *908 that I must give effect to the foregoing legislative declarations of the nature of this Authority. I find that defendant is a State agency.
In Mathewson v. New York State Thruway Auth. (9 N Y 2d 788 [1961]) the People of the Village of Pelham Manor in Westchester County sought an injunction in Supreme Court enjoining the Thruway Authority from permitting use of the Thruway by trucks, buses and tractor-trailers through the village during the hours between 8 o’clock in the evening and 8 o’clock in the morning. On the reasoning of Benz v. New Torh State Thruway Auth. (supra) the Court of Appeals held that the Supreme Court lacked jurisdiction of the subject matter of the suit. It might well be argued that the policy underlying this decision is one of separation of powers of the executive, judicial and legislative branches of the State government and reflects the notion that bodies created by the Legislature to perform certain executive and legislative functions should not be subject in the performance of these functions to interference by the courts through the granting of coercive equity relief. (Cf. Glassman v. Glassman, 309 N. Y. 436, 440 [1956]; New York Post Corp. v. Moses, 10 N Y 2d 199, 203 [1961].) This question need not be considered here, however. For in any event, it is believed that Mathewson is decisive of the present case whatever may be its rationale.
The question of immunity of defendant from actions for money damages need not be determined. Defendant concedes that it may be liable for damages in some instances, and it may be that under section 1322 of the Public Authorities Law actions for damages may be brought against it in Supreme Court. There are many express statutory waivers of a limited nature. Also, of course, to the extent that the State has waived its own immunity, the source of the derivative immunity of its agencies and subdivisions has also been lost. (Bernadine v. City of New York, 294 N. Y. 361 [1945]; Bloom v. Jewish Bd. of Guardians, 286 N. Y. 349 [1941].) It is clear, however, that neither the State nor its agencies are subject to suits in equity in the absence of express authorization. (Psaty v. Duryea, 306 N. Y. 413 [1954]; Bens v. New Tork State Thruway Auth., 9 N Y 2d 486, supra; Mathewson v. New Torh State Thruway Auth., 9 N Y 2d 788, supra.)
This Authority was created by the State; it is a part of the State, an arm or agency of the State. It was created by the State Legislature to, among other things, manage the airport. It should be permitted to do that. This is its right and its responsibility. The court should not seek to substitute its judgment, and *909 in my opinion cannot substitute its judgment for that of the Authority. If the Authority is acting within the powers given to it by the State Legislature, its decision is final. I do not believe that any court has jurisdiction to pass upon the grievances of those bringing this suit for an injunction.
Defendant’s motion is granted, without costs.