Reid S. Moule, J.
This is a motion to dismiss the complaint for legal insufficiency.
By this action, plaintiffs, Towns of Amherst and Cheektowaga, seek an adjudication that the proposed runway extension to the *117 Greater Buffalo International Airport for use by jet aircraft Avould, if so used, constitute a public nuisance and should therefore be enjoined.
By an earlier motion, the defendant Authority sought dismissal of the complaint on the ground that, as an agency of the State, it is immune from suits in equity. The Appellate Division held that this court has jurisdiction over both the person of the Authority and the subject matter of the action (19 A D 2d 107, revg. 38 Misc 2d 906).
In considering the legal sufficiency of the complaint, we start with the decision of the Appellate Division, which obviating the problem of sovereign immunity, held that the Authority is to be treated for jurisdictional purposes as a municipal corporation rather than as an arm or agency of the State itself. In passing upon the jurisdictional question, the Appellate Division pointed out that municipal corporations have in many instances been subject to suits to enjoin the maintenance of a nuisance. However, it expressly withheld its views as to whether or not the complaint states facts sufficient to constitute a cause of action.
If this were a suit by private property owners to enjoin the creation or maintenance of a private nuisance, the complaint, in view of the decision of the Appellate Division, might well be held sufficient on its face. For although it is often stated that an activity carried on pursuant to legislative authority cannot, at least short of constitutional objections, constitute a nuisance, the scope of this doctrine has been severely limited in New York by the requirement of an express or clear sanction of the very conduct constituting the nuisance (Squaw Is. Frgt. Term. Co. v. City of Buffalo, 273 N. Y. 119 [1937]; Hill v. Mayor, etc., of N. Y., 139 N. Y. 495 [1893]; Cogswell v. New York, New Haven & Hartford R. R. Co., 103 N. Y. 10 [1886]). Certainly this standard of explicitness has not been met in the present case.
It might well be suggested that, if anything, a public nuisance is of more serious consequence than a private nuisance and therefore more unhesitatingly to be enjoined. I do not believe, however, that the question can be viewed quite this simply. For there are at stake important considerations of competence and separation of powers, that is, considerations of the proper functions of the plaintiff towns, of the Authority, and of the court, especially as these are related to each other.
The courts have always been the appropriate forum in which to seek protection of private rights from encroachment by governmental action. Serious questions of due process of law arise when a governmental body attempts to maintain a private nuisance, that is, an unreasonable interference with the use by an *118 individual of Ms own property, without compensation. As already noted, the courts do not construe legislation as having authorized such interference unless the intent is clearly expressed and they do not hesitate to redress such a wrong.
It is one thing, however, for a court to protect private property rights threatened by governmental action and it is quite another for the court in the name of the rights of the public to overrule a determination of a public body, entrusted by the public or its representatives with the making of just such determinations, and this at the suit of another governmental body also representing and acting in behalf of the public welfare.
What we have in the present case is not a conflict between public and private interests but a conflict between two representatives of the public as to what is in the best interests of the public. I believe that the court must leave the determination of what course of action will best meet the public interest with the body authorized in the first instance to make this determination; I do not believe the court is free to substitute the judgment of the plaintiff towns or its own for such a determination.
The conduct sought to be declared a public nuisance and enjoined is the construction and operation of a public improvement by the Authority, a governmental body, created by the Legislature with the function, among others, of maintaining, improving and operating the airport in question. Its relationship to the municipalities most directly interested in the airport, including the City of Buffalo and the plaintiff towns, is a close one. A high degree of co-operation among these entities was contemplated. With the consent and participation of these municipalities, the Authority was to consolidate and supersede certain of their former functions and areas of jurisdiction. (See Public Authorities Law, art. 6, tit. 1, especially §§ 1307-1312, 1316,1326, 1328.)
The Towns of Amherst and Cheektowaga had the choice either to become participating members and part of the port district or not to participate and to remain outside of the port district. The court may take judicial notice of their official acts (Civ. Prac. Act, § 344-a; Pfleuger v. Pfleuger, 304 N. Y. 148 [1952]). Each has chosen to become a part of the port district and a participating municipality. Now, they question and seek to have this court overturn a decision of the Authority, which was created to make just such decisions. If the plaintiff towns were to be permitted to overturn such a decision in the name of the public interest, the consequences could be somewhat chaotic. Almost every public improvement entails some more or less corresponding annoyances and even hazards, and in almost every case some *119 individuals, groups and political subdivisions will benefit at the expense of others. It appears that the task and the competence to make the necessary adjustments between these competing considerations has been allocated to the defendant. I must also note that the proposed jet aircraft operations which will make use of the runway extension in question will be subject to Federal regulation in the interest of public safety and convenience. Further, I do not believe that the proposed extension of the runways and the use of the airport by jets constitutes a public nuisance per se. Whether or not a public nuisance will result from its use will depend on the manner and maintenance of its operation.
There appears to be little case law to help in the resolution of this very difficult question. We have not been able to find any case in which the creation of a public improvement by a governmental body has been enjoined on the ground that the improvement would constitute a public nuisance. Neither have we found a case expressly rejecting such a possibility.
A distinction between a public and private nuisance was made in People v. Brooklyn & Queens Tr. Corp. (283 N. Y. 484 [1940]). The direct holding of that case was simply that certain street railway operations did not constitute a public, as opposed to private, nuisance because they did not have the requisite effect upon the community as a whole. The majority opinion of Judge Lehmax, however, goes well beyond this point and indicates that a stricter standard may be applied to private than to public nuisances and that where regulatory bodies have been charged with the duty of protecting the public welfare in a specific area, the courts should be reluctant to enter that area. (See, also, Richards v. Washington Term. Co., 233 U. S. 546 [1913]; cf. Weiss v. Fote, 7 N Y 2d 579 [I960].)
The Authority, however, is not beyond the control of the law. For instance, under certain circumstances, it may be subject to an article 78 (Civ. Prae. Act) proceeding. Further, as already noted, if the Authority creates a private nuisance, any individual adversely affected may well have a suit for an injunction. Also, if flights are conducted at such low altitudes as to constitute a taking of property in the constitutional sense, the owners have an action for compensation. (Griggs v. Allegheny County, 369 U. S. 84 [1962]; United States v. Causby, 328 U. S. 256 [1946].) In addition, as noted in the decision of the Appellate Division [19 A D 2d 107], the Authority is subject to tort actions.
However, the standards of law and proof involved in determining whether or not the Authority is subject to an article 78 *120 proceeding, whether or not a private nuisance exists or is about to be created and whether or not the Authority is liable for money damages for an invasion of property rights or liability in tort are not to be applied in this action.
A related problem which was not raised by the parties and which we have not discussed is that of a Federal pre-emption. (See Allegheny Airlines v. Village of Cedarhurst, 238 F. 2d 812 [1956]; City of Newark v. Eastern Airlines, 159 F. Supp. 750 [1958].) It may well be that this question is one of jurisdiction of the subject matter of the action, and it also may be that the question must therefore be deemed as having been disposed of for present purposes by the decision of the Appellate Division. In view of the determination reached, however, these are questions which need not be considered.
The motion to dismiss the complaint should be granted, without costs.